UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-21023-ALTONAGA/DAMIAN

EDWIN GARRISON, *et al.*, on behalf of
themselves and all others similarly situated,

    Plaintiffs,
v.

BEN ARMSTRONG, *et al.*,

    Defendants.
_____/

## ORDER TO APPEAR AND TO SHOW CAUSE
## AS TO DEFENDANT BEN ARMSTRONG

THIS CAUSE is before the Court on Plaintiffs' Request for a Status Conference, to Bring Awareness of Defendant Armstrong's Harassment Towards Plaintiffs' Counsel, filed March 20, 2023 [ECF No. 5] (the "Request"), the Order granting the Request [ECF No. 6], and Plaintiffs' Notice of Proof of Service on Defendant Armstrong and Materials for Show Cause Hearing, filed April 5, 2023 [ECF No. 20] (the "Notice").[1]

THE COURT has considered the Request and Notice and the pertinent portions of the record and is otherwise fully advised in the premises. The Court also heard from Plaintiffs' counsel, Adam Moskowitz, and Jason Rindenau, an attorney who appeared on behalf of Defendant Ben Armstrong, at a Status Conference held on April 20, 2023.

---

[1] This matter was referred to the undersigned by the Honorable Cecilia M. Altonaga, Chief United States District Judge, to take all necessary and proper action as required by law. [ECF No. 6]. *See* 28 U.S.C. § 636(b)(1).

BACKGROUND

On March 15, 2023, Plaintiffs filed the instant lawsuit, a class action seeking to hold Defendants— alleged YouTube and social media influencers and promoters—responsible for Plaintiffs' losses stemming from the collapse of the FTX cryptocurrency exchange. *See generally* Class Action Complaint [ECF No. 1]. Plaintiffs allege the Defendants each promoted, assisted in, and actively participated in the offer and sale of unregistered securities through their involvement with FTX Trading Ltd. d/b/a FTX and West Realm Shires Services Inc. d/b/a FTX US. *Id.* at 1. The Complaint asserts four claims against each Defendant requesting relief under Florida state law. *Id.* at 67–71.

On March 20, 2023, five days after commencing the instant action, Plaintiffs filed a Notice of Filing [ECF No. 4] and Request for a Status Conference, To Bring Awareness of Defendant Armstrong's Harassment Towards Plaintiffs' Counsel [ECF No. 5] (the "Request"). Plaintiffs allege that shortly after the Complaint was filed, Defendant Ben Armstrong began harassing Plaintiffs' counsel, Adam Moskowitz, by making numerous phone calls to Mr. Moskowitz's law firm, posting insulting and threatening messages on social media platforms, including Twitter and YouTube,[2] and sending emails threatening Mr. Moskowitz and his family. *See id.*

On March 21, 2023, this Court directed Plaintiffs' counsel to notify the Court when Defendant Armstrong has been served with process and with the Request. [ECF No. 12]. Thereafter, on April 5, 2023, Plaintiffs filed a Notice of Proof of Service and Materials for Show Cause Hearing indicating that Defendant Armstrong was served on April 5, 2023, and

---

[2] The Complaint alleges that Defendant Ben Armstrong is a YouTube star with more than 1.5 million subscribers to his social media platform who was paid to endorse FTX. Compl. ¶ 29.

2

that Defendant Armstrong continued to make "daily violent threats" directed at Plaintiffs and their counsel. [ECF No. 20] (the "Notice").

On April 12, 2023, this Court ordered Defendant Armstrong to personally appear on April 20, 2023, before the undersigned for a Status Conference to address the matters alleged in Plaintiffs' Request and Notice [ECF No. 24] (the "April 12, 2023 Order"). In that Order, the Court gave Defendant Armstrong the opportunity to respond to Plaintiffs' filings. *Id.* The Court directed Plaintiffs' counsel to: (1) email a copy of the Order to Defendant Armstrong at his personal email; (2) mail a copy of the Order to Defendant Armstrong through certified mail; and (3) file a notice of compliance with the Order by April 14, 2023. Plaintiffs filed a Notice of Compliance with the April 12, 2023 Order as directed. [ECF No. 27].

## RELEVANT PROCEEDINGS AND FINDINGS

Although expressly ordered to appear, Defendant Armstrong failed to appear at the Status Conference held on April 20, 2023. Mr. Rindenau indicated that he was retained by Defendant Armstrong to appear on his behalf.[3] Mr. Rindenau stated that Defendant Armstrong was aware that he had been ordered to appear at the Status Conference pursuant to this Court's April 12, 2023 Order, but Mr. Rindenau was unable to explain why his client had not appeared as directed. Defendant Armstrong did not submit written response to Plaintiffs' Request or Notice despite being given the opportunity to do so by this Court. Plaintiffs presented evidence at the hearing that Defendant Armstrong was not only aware of the hearing but that he willfully and intentionally chose not to appear and publicly disclosed his intention to contravene this Court's Order requiring his appearance. As explained on the

---

[3] After the Status Conference, Mr. Rindenau filed a notice of appearance on behalf of Defendant Armstrong. [ECF No. 28].

3

record at the Status Conference, the Court finds that Defendant Armstrong failed to comply with this Court's Order by failing to appear.

After being placed under oath, Mr. Moskowitz testified that he was in fear of his personal safety and his family's safety because of the persistent communications, messages, and threats allegedly made by Defendant Armstrong against Mr. Moskowitz, his family, and his law firm. According to the Declaration of Lorenza Ospina, a paralegal at Mr. Moskowitz's law firm, the law firm received an email on March 16, 2023, stating, in relevant part: "Only a couple bitcoins get you and your family shot. Please be careful. These people are dangerous and you have provoked them[.]" [ECF No. 4-1 at 11]. Mr. Moskowitz indicated that he reported the alleged threats to local law enforcement authorities and the FBI. The Court found Mr. Moskowitz's representations, made under oath, credible.

Counsel for Defendant Armstrong, Mr. Rindenau, indicated that he was sympathetic towards Mr. Moskowitz's concerns for his and his family's safety but asserted that any perceived threats pertain to the "threat of litigation" rather than physical harm. Mr. Rindenau also indicated that Defendant Armstrong is exercising his First Amendment rights through his social media posts.

## DISCUSSION

"The First Amendment generally prevents government from proscribing speech, or even expressive conduct, because of disapproval of the ideas expressed." *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 382 (1992) (internal citations omitted). These free speech protections are particularly strong with regard to prior restraints, or "administrative and judicial orders forbidding certain communications when issued in advance of the time that such communications are to occur." *Alexander v. United States*, 509 U.S. 544, 550 (1993)

(quoting M. Nimmer, Nimmer on Freedom of Speech § 4.03, 4–14 (1984)); *see also Test Masters Ed. Servs., Inc. v. Singh*, 428 F.3d 559, 579 (5th Cir. 2005) ("Prior restraints are unconstitutional limitations on free speech except in exceptional circumstances.").

Nevertheless, "[c]ourts have made a distinction between communication and harassment… The difference is one between free speech and conduct that may be proscribed." *Singh*, 428 F.3d at 580 (citing *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 502 (1949); *R.A.V.*, 505 U.S. at 389). Accordingly, "courts do have the power to enjoin harassing communication." *Id.* (citing *Lewis v. S.S. Baune*, 534 F.2d 1115, 1122 (5th Cir. 1976)).

The Court finds that Plaintiffs' counsel has presented sufficient evidence to demonstrate that Defendant Armstrong has crossed the line from civil communications with Plaintiffs' counsel to harassment in connection with this matter. This harassment has occurred in the form of repetitive telephone calls to Plaintiffs' counsel's law firm and threats—direct or indirect, real or perceived—to Plaintiffs and Plaintiffs' counsel's safety.

First Amendment rights, and in particular, the right to free speech, are vital and warrant the strongest protections. But they cannot be used as a shield to defend harassing, threatening, and dangerous conduct like that engaged in here. Defendant Armstrong's conduct at issue is not only dangerous but is precisely the conduct courts have proscribed rather than protected. By failing to respond to Plaintiffs' filings and failing to appear before the Court, Defendant Armstrong has given the Court no basis to find otherwise.

CONCLUSION

Based on the foregoing, and for the reasons stated on the record at the Status Conference, it is hereby

**ORDERED** as follows:

1. Defendant Ben Armstrong and his counsel of record shall appear in person[4] on **Monday, April 24, 2023, at 10:00 a.m.,** before the undersigned at the C. Clyde Atkins United States Courthouse,[5] 301 North Miami Avenue, 5th Floor, Miami, Florida 33128, and show cause why he should not be held in contempt for violating this Court's April 12, 2023 Order.[6]

---

[4] Counsel for all other Defendants are not required to but may attend.

[5] Prior to your courthouse visit, please review the Court's Administrative Orders regarding entry into the courthouse by non-attorneys, including the applicable rules regarding cellular telephones and electronic devices (https://www.flsd.uscourts.gov/prohibited-electronic-devices).

[6] "Where a party refuses to act in accordance with a court order, the other party typically requests the court to order the offending party to show cause why it should not be held in contempt and sanctioned." *Whatley v. World Fuel Servs. Corp.*, No. 20-20993-MC, 2020 WL 4818924, at *2 (S.D. Fla. Aug. 19, 2020) (Torres, J.) (citing *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990)). "Courts also have the inherent power to enforce compliance with their lawful orders through civil contempt." *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). "Civil contempt therefore provides courts with a sanction to enforce compliance with an order of the court or to compensate a complainant for losses or damages sustained by reason of noncompliance." *Id.*; *see also F.T.C. v. Leshin*, 719 F.3d 1227, 1231 (11th Cir. 2013) ("[S]anctions in civil contempt proceedings may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." (quoting *Local 28 of Sheet Metal Workers' Int'l Ass'n v. EEOC*, 478 U.S. 421, 443 (1986)). These civil contempt sanctions may include, among other things, a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration. *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991).

2.   Defendant Ben Armstrong shall immediately refrain from sending harassing and threatening communications, directly or indirectly, to Plaintiffs, Plaintiffs' counsel, Adam Moskowitz, his family, and his partners and associates at the Moskowitz Law Firm.

3.   **Defendant Ben Armstrong's failure to comply with the instant Order may result in the imposition of sanctions, including the institution of contempt proceedings.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of April, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga, *Chief U.S. District Judge*
Counsel of Record