UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

    Defendants.

_____/

## JOINT SCHEDULING REPORT[1]

Plaintiffs, Edwin Garrison, et al. ("Plaintiffs"), and Defendants, Brian Jung, Erika Kullberg, Creators Agency LLC, and Ben Armstrong, ("Appearing Defendants"[2]) (Appearing Defendants together with Plaintiffs, the "Parties"), submit this Joint Scheduling Report pursuant to S.D. Fla. Local Rule 16.1(b), and Federal Rule of Civil Procedure 26(f)(3). The Parties conferred by Zoom videoconference on May 1, 2023, at 3:00pm EST, and Report as follows:

---

[1] As of the date of filing this Joint Scheduling Report, Plaintiffs assert that all Defendants, other than Defendant Tom Nash (who Plaintiffs will address with the Court through a subsequent filing), were served with process in this action, though Appearing Defendants are the ones who appeared through counsel of record in time to participate in the Joint Conference today at 3:00pm. Plaintiffs were mindful of the Court's clear directive that "**The deadline contained in the April 3, 2023 Order [ECF No. 18] will not be extended.**" ECF No. 40 (emphasis in original). This Report, therefore, contains the respective positions of Plaintiffs and the Appearing Defendants.

[2] Appearing Defendants have not appeared generally and specifically preserve and do not waive any and all defenses, including but not limited to, lack of personal jurisdiction or lack of adequacy of service of process.

## I.     Plaintiffs' Statement

The FTX disaster is the largest financial fraud in US history. The former FTX CEO, Bankman-Fried, is facing numerous criminal charges and the new CEO—who helped wind down Enron—concluded that this fraud was worse than Enron. Billions of dollars have been stolen from investors across the globe.

FTX was a centralized cryptocurrency platform which specialized in derivatives and leveraged products. It filed for bankruptcy protection in November 2022 and will be involved in federal bankruptcy proceedings for many years. There is no guarantee that any of the victims will be able to see any recovery from those proceedings.

This is a proposed class action brought on behalf of a Global Class, a Nationwide Class, and State Subclasses, of all individuals offered or sold, deceptive FTX Yield Bearing Accounts ("YBAs"), which were admittedly marketed and promoted by the Defendants, YouTube and social media financial influencers and promoters who shared financial advice and actively promoted FTX and its yield-bearing accounts ("YBAs") and FTX's native cryptocurrency token, ("FTT") (collectively, the "Unregistered Offerings"), to their millions of followers. Plaintiffs allege— as the SEC and numerous state securities regulators have similarly concluded in analogous contexts with platforms such as BlockFi,[3] Voyager,[4] and Celsius,[5] who all offered these same accounts— that these products are all unregistered "securities" as defined by applicable securities law.

Defendants' participation and/or actions in FTX's offerings and sales of Unregistered

---

[3] https://www.sec.gov/news/press-release/2022-26 (accessed May 1, 2023).

[4]     https://coingeek.com/6-us-regulators-crackdown-on-voyager-digital-over-interest-bearing-accounts/ (accessed May 1, 2023).

[5]
https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=&cad=rja&uact=8&ved=2ahUKEwjvjNvg27j7AhWfRTABHfwzDe4QFnoECAsQAQ&url=https%3A%2F%2Fwww.nj.gov%2Foag%2Fnewsreleases21%2FCelsius-Order-

Products violated various provisions of state securities laws and deceptive trade practices statutes, including those of Florida, which law may be applied nationwide as Florida is the situs of FTX's domestic headquarters and Florida's FSIPA and FDUTPA statutes were enacted to regulate the conduct of entities based within its borders so that such companies would not utilize the State as a hub for their global wrongdoing. Plaintiffs seek certification of a Global Class, a Nationwide Class, and a Florida State Subclass under Rule 23(a), (b)(2), (b)(3), and/or (c)(4) of the FRCP, which includes seeking a declaration that the Unregistered Products are unlawfully sold unregistered securities, which entitles Plaintiffs and class members to full rescissionary damages. Defendants' substantial participation in the offer or sale of these unregistered EPAs, which were offered or sold from the State of Florida by FTX, renders Defendants jointly and severally liable to Plaintiffs and all Class Members for the full measure of damages resulting from their offer or sale. These specific claims have a strict liability standard with no *caveat emptor* defense.

What's more, is this action may be the only avenue for any of the victims to recover any of their damages.

Plaintiffs' Counsel have been investigating and litigating these and similar claims against failed exchanges FTX and Voyager for two years. After conducting significant research on the issues with the top cryptocurrency experts in the field, Plaintiffs' counsel brought the first nationwide class action against failed cryptocurrency exchange, Voyager Digital,[6] where they litigated many of these same issues until Voyager declared bankruptcy in July 2022. In August, Plaintiffs' counsel brought the first nationwide class action against some of the largest Brand Ambassadors of Voyager for their respective roles in facilitating Voyager's offer and sale of

---

9.17.21.pdf&usg=AOvVaw0Zd94fuhFSsOoGKM-vQ3YI (accessed May 1, 2023).

[6] *Mark Cassidy v. Voyager Digital Ltd., et al.,* Case No. 21-24441-CIV-ALTONAGA/Torres (the "*Cassidy* Action")

unregistered securities.[7] That Voyager litigation is ongoing, and after substantial discovery, including reviewing tens of thousands of documents and taking over half a dozen significant depositions, Plaintiffs' counsel have already amassed enough evidence to seek class certification and summary judgment on many of the dispositive issues in the case.

In connection with Voyager's bankruptcy, Plaintiffs' counsel closely followed the bidding process that culminated in the purported agreement for FTX to purchase Voyager's customers' assets, where FTX couched themselves as the saviors of Voyager's customers. Because that agreement was founded on many false and fraudulent predicates, however, Plaintiffs' counsel was ready to immediately file this action, the first nationwide class action against FTX, two business days after it was revealed that FTX operated as a fraudulent Ponzi scheme and sought emergency bankruptcy relief for themselves, leaving both Voyager's and FTX's customers blindsided with many billions of dollars in losses. Plaintiffs' counsel have since led the nation's litigation of these issues, bringing a number of nationwide and global class actions, and state court individual actions, here in South Florida, where FTX maintained its domestic headquarters and base of operations, in order to recover these customers' losses from any and all responsible parties.

All of the actions Plaintiffs' counsel have brought to date have now been consolidated and/or transferred to this Court, where they can be presided over in an organized and consistent fashion. Given that others around the country are now working to catch up, a rash of additional actions against many of these same defendants have been brought around the country. As a result, in order to continue to organize these actions and to ensure that they are litigated consistently, efficiently, and effectively, Plaintiffs' counsel filed a petition before the Judicial Panel on

---

[7]*Robertson, et al. v. Mark Cuban, et al.,* Case No. 22-CV-22538-ALTMAN/Reid (the "*Voyager Brand Ambassadors* Action")

4

Multidistrict Litigation, *In re: FTX Cryptocurrency Exchange Collapse Litigation*, MDL No. 3076 (J.P.M.L. 2023) (the "MDL Petition"), seeking to consolidate all pending and yet-to-be-filed related actions and to transfer them to the Southern District of Florida for pretrial purposes. The MDL Petition was fully briefed and has been set for oral argument on the JPML's calendar in Philadelphia on May 25, 2023. This action involves many of the very same common legal and factual issues raised by the related actions subject to the MDL Petition.

One such common legal issue, the question of whether the sale of the Unregistered Products is (or is not) the sale of "unregistered securities," has practically been answered in the affirmative through various regulatory statements, guidance, and actions issued by the Securities and Exchange Commission and other regulatory entities. For example, on November 1, 2017, in the "SEC Statement Urging Caution Around Celebrity Backed ICOs,"[8]

In the SEC's Report of Investigation concerning The DAO,[9] the Commission warned that virtual tokens or coins sold in ICOs may be securities, and those who offer and sell securities in the United States must comply with the federal securities laws. Any celebrity or other individual who promotes a virtual token or coin that is a security must disclose the nature, scope, and amount of compensation received in exchange for the promotion. A failure to disclose this information is a violation of the anti-touting provisions of the federal securities laws. **Persons making these endorsements may also be liable** for potential violations of the anti-fraud provisions of the federal securities laws, **for participating in an unregistered offer and sale of securities**, and for acting as unregistered brokers. The SEC will continue to focus on these types of promotions to protect investors and to ensure compliance with the securities laws.

---

[8] https://www.sec.gov/news/public-statement/statement-potentially-unlawful-promotion-icos (accessed May 1, 2023) (emphasis added).

[9] https://www.sec.gov/litigation/investreport/34-81207.pdf (accessed May 1, 2023)

Now that nearly all Defendants are properly before this Court, discovery will proceed expeditiously and efficiently. Plaintiffs will then move for certification of an issue class pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (c)(4), with respect to the very specific, narrow and simple issue of whether (or not) the Unregistered Products constitute unregistered securities. Plaintiffs are seeking to have this simple issue determined by the Court as soon as practicable. Plaintiffs will thereafter seek a determination on this issue, either through summary judgment or an expedited trial to the extent the Court deems the determination to be an issue of fact.

II.     **Appearing Defendants' Statement**

Appearing Defendants Jung and Armstrong are purported "YouTube stars," Appearing Defendant Creators Agency LLC ("Creators Agency") is alleged to be a "talent management firm," and Appearing Defendant Kullberg is alleged to be a founder of Creators Agency.  Complaint, Dkt. 1, ¶¶ 26, 29-31.  None are alleged to reside in Florida—for that matter, not a single defendant is alleged to reside in Florida—and Plaintiffs do not plead a ***single fact*** in support of their bald assertion that personal jurisdiction exists due to Defendants' purported "substantial" business in Florida, or their allegedly tortious acts in the state of Florida. *Id*. ¶¶ 20-33. Furthermore, four of the Plaintiffs are not Florida residents. *Id*. ¶¶ 13, 17-19. Appearing Defendants intend to challenge this Court's jurisdiction,[10] and therefore respectfully request that all dates set in the Court's Scheduling Order be linked to this Court's determination of its jurisdiction based upon Appearing Defendants' impending motion to dismiss based on jurisdictional and other grounds.

In addition to threshold jurisdictional questions, the Complaint utterly fails to plead any

---

[10] Certain of the Appearing Defendants also intend to challenge service of process, as they were not properly served with the Complaint.

cognizable claims against the Defendants. Plaintiffs boldly assert in their statement that Defendants "admittedly marketed and promoted" the "deceptive FTX Yield Bearing Accounts ('YBAs')" and "actively promoted" YBAs "and FTX's native cryptocurrency token, ('FTT') (collectively the 'Unregistered Offerings'), to their millions of followers." *See* supra. Yet, despite these pronouncements here, the Complaint does not actually plead that *any* defendant made *any* statement about YBAs or FTT, let alone actively promoted them.[11]

Plaintiffs' proposed schedule is designed around its intent to "move for certification of an issue class . . . with respect to the very specific, narrow and simple issue of whether (or not) the Unregistered Products constitute unregistered securities." *See* supra. However, as discussed above, this case suffers from significant threshold considerations that must be decided at the outset, and, Appearing Defendants believe, will render this purported issue class determination irrelevant to this litigation. Thus, Appearing Defendants respectfully request that their proposed schedule be adopted, as it will result in significant efficiencies for the Parties and for the Court.

### III. Conference Report – Information Required by L.R. 16.1(B)(2)

#### A. Likelihood of Settlement

**Plaintiffs** are amenable at this stage to selecting a mediator and scheduling a time, date, and place to conduct mediation in this matter.

**Appearing Defendants** believe that any discussion of settlement would be premature at this stage.

Nonetheless, the Parties agree to comply with any requirements under the Local Rules with respect to good faith settlement discussions.

---

[11] In the case of Creators Agency, it is not even an alleged influencer, but rather it is asserted that Creators Agency "procured and/or facilitated" contracts for influencers. *Id.* ¶ 151.

    B.    **Likelihood of Appearance in the Action of Additional Parties**

**Plaintiffs** believe that, as discovery progresses, additional parties may be added. **Appearing Defendants** reserve all rights on this issue.

    C.    **Proposed Limits on Time**

*See* the proposed case schedule at Section V, below.

    D.    **Proposals for the Formulation and Simplification of Issues**

The Parties agree to work in good faith to simplify the issues, at an appropriate time.

    E.    **Necessity or Desirability of Amendments to the Pleadings**

Although the Parties do not anticipate a need to amend the pleadings at this time, **Plaintiffs** have proposed a deadline for amendments in their proposed schedule for after the Court's decision on class certification, in the event Plaintiffs need to convert this action to a mass action.

**Appearing Defendants** believe that any proposed amendments to the pleadings may be unnecessary and/or improper after the Court rules on the impending motion to dismiss.

    F.    **Possibility of Obtaining Admissions and Stipulations**

**Plaintiffs** will cooperate in good faith to obtain admissions and stipulations in the discovery process that will limit the issues in dispute and reduce the time needed to conduct a trial.

If the Complaint were to survive the impending motion to dismiss, **Appearing Defendants** would likewise cooperate in good faith on these issues.

    G.    **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

**Plaintiffs** have no suggestions at this time but will cooperate in good faith to eliminate unnecessary proof and cumulative evidence.

If the Complaint were to survive the impending motion to dismiss, **Appearing Defendants** would likewise cooperate in good faith on these issues.

### H. The Advisability of Referring of Matters to a Magistrate Judge

Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, the Parties consent to refer discovery matters to a Magistrate Judge.

The Parties do not consent to trial by a Magistrate Judge, nor to the disposition of dispositive pre-trial motions by a Magistrate Judge.

### I. Preliminary Estimate of Time Required for Trial

**Plaintiffs** estimate that a trial in this matter would require 5–7 days. Plaintiffs demand a jury trial.

**Appearing Defendants** estimate a trial in this matter, if necessary, would likely require more than 10 trial days.

### J. Pretrial Conference and Trial Dates

*See* Section V, below.

### K. Any Discovery Issues

**Plaintiffs** will cooperate in good faith to develop protocols to facilitate electronic discovery and govern privilege issues without the involvement of the Court. This may include the submission of an agreed confidentiality order.

As discussed above, **Appearing Defendants** believe that this case suffers from significant threshold considerations, including jurisdictional concerns, that must be decided at the outset, and that any discovery, if necessary, would come after the impending motion to dismiss is decided by the Court. Should any discovery be necessary, Appearing Defendants would likewise cooperate in good faith on these issues.

## IV. Additional Information Required by L.R. 16(B)(3)

### A. Assignment of the Case to a Particular Track

**Plaintiffs'** position is that this case merits a standard case management track at this stage, as defined by Local Rule 16.1, and as set forth in their schedule proposed in section V, below. The claims in this lawsuit center on whether FTX's applicable offerings constitute securities that were required to be registered under applicable securities laws, a determination that lends itself to issue class certification pursuant to Federal Rule of Civil Procedure 23(c)(4). Thereafter, this matter can proceed to an expedited trial on those issues which would efficiently and expediently determine whether Defendants may be found liable under these claims.

**Appearing Defendants** believe that, if the Complaint were to survive the impending motion to dismiss, this case merits a complex case management track, as defined by Local Rule 16.1.

### B. Detailed Discovery Schedule

The Parties scheduling proposals for discovery are set forth below, at Section V.

### C. Any Agreements or Issues Regarding Discovery

There are currently no agreements or issues to be decided by the Court regarding the preservation, disclosure, and discovery of documents, electronically stored information, or other tangible things.

**Plaintiffs** will cooperate in good faith to develop protocols to facilitate electronic discovery and govern privilege and confidentiality issues without the involvement of the Court.

If the Complaint were to survive the impending motion to dismiss, **Appearing Defendants** would likewise cooperate in good faith on these issues.

## V. The Parties' Proposed Schedule

Plaintiffs propose the following schedule:

| Date | Deadline or Event |
|---|---|
| **May 24, 2023** | Deadline to furnish Initial Disclosures pursuant to FRCP 26 |
| **June 14, 2023** | Deadline for Defendants to respond to the Amended Complaint |
| **June 14, 2023** | Deadline to select mediator, and schedule time, date and place |
| **July 5, 2023** | Deadline for Plaintiffs to file Motion for Class Certification |
| **Within 40 days following the filing of Plaintiffs' motion** | Deadline for Defendants to file response to Plaintiffs' Motion for Class Certification |
| **Within 20 days following the filing of Defendants' response** | Deadline for Plaintiffs to file Reply in support of Plaintiff's Motion for Class Certification |
| **To be set by the Court.** | Hearing on Plaintiff's Motion for Class Certification |
| **Within 21 days following the Court's ruling on Plaintiff's motion for class certification** | Deadline to file motions to amend pleadings or join parties |
| **November 29, 2023** | Deadline to complete fact discovery |
| **December 13, 2023** | Deadline for Parties to disclose experts, expert witness summaries and reports |
| **January 3, 2024** | Deadline to complete mediation |
| **Within 28 days of each Party's expert disclosures** | Deadline to exchange rebuttal expert witness summaries and reports |
| **Within 21 days of each Party's rebuttal expert disclosures** | Deadline to complete expert discovery |
| **March 5, 2024** | Deadline to file all dispositive pre-trial motions |
| **April 2, 2024** | Deadline to respond to all dispositive pre-trial motions |
| **April 16, 2024** | Deadline to reply in support of all dispositive pre-trial motions |
| **May 1, 2024** | Deadline to file joint pretrial stipulation, witness lists, exhibit lists, accordance with Local Rule 16.1(d) and (e), and proposed jury instructions/conclusions of law (for non-jury trials) |

| | |
|---|---|
| **May 15, 2024** | Deadline for Parties to submit their deposition designations |
| **May 29, 2024** | Deadline to file *Daubert* motions, motions to strike experts |
| **June 10, 2024 (approximate)** | Two-week trial period commences |

Appearing Defendants propose the following schedule:

| Date | Deadline or Event |
|---|---|
| **Within 21 days of service of the Complaint upon the last Defendant** | Deadline for Defendants' Joint Motion to Dismiss, in accordance with the Court's Order, Dkt. 19. Deadline for Rule 12(b)(2) motions, e.g., challenging adequacy of service of process. |
| **30 days following Defendants' Motion to Dismiss** | Deadline for Plaintiffs to oppose Motion to Dismiss |
| **30 days following Plaintiffs' opposition to Motion to Dismiss** | Deadline for Defendants' joint reply in support of Motion to Dismiss |
| **To be set by the Court** | Hearing on Defendants' Motion to Dismiss |
| **14 days following the Court's ruling on Motion to Dismiss (if denied in part or in whole)** | Deadline for Disclosures pursuant to Fed. R. Civ. P. 26 |
| **30 days following the Court's ruling on Motion to Dismiss (if denied in part or in whole)** | Deadline for Plaintiffs to move for class certification |
| **90 days following the filing of Plaintiffs' Motion for Class Certification** | Deadline for completion of discovery related to class certification ("Phase 1 Discovery") |
| **30 days following the completion of class discovery** | Deadline for Defendants to respond to Plaintiffs' Motion for Class Certification |
| **14 days following the filing of Defendants' response to the Motion for Class Certification** | Deadline for Plaintiffs to file reply in support of Motion for Class Certification |
| **To be set by the Court** | Hearing on Plaintiffs' Motion for Class Certification |
| **14 days following the Court's ruling on Plaintiffs' motion for class certification** | Deadline for Parties to amend pleadings and join additional parties |

| | |
|---|---|
| **270 days following the Court's Ruling on Plaintiffs' motion for class certification** | Deadline to complete fact discovery and deadline to select mediator |
| **30 days following the close of fact discovery** | Deadline for the Parties to disclose experts, expert witness summaries and reports.  Deadline to complete mediation. |
| **30 days following each Party's expert disclosures** | Deadline to exchange rebuttal expert witness summaries and reports |
| **30 days following each Party's rebuttal expert disclosures** | Deadline to complete expert discovery |
| **30 days following the close of expert discovery** | Deadline to file dispositive pre-trial motions |
| **14 days following the file of pre-trial motions** | Deadline to respond to dispositive pre-trial motions |
| **7 days following filing of responses to dispositive pre-trial motions** | Deadline to file replies in support of dispositive pre-trial motions |
| **30 days following the filing of replies in support of dispositive pre-trial motions** | Deadline to file joint pretrial stipulation, witness lists, exhibit lists, in accordance with Local Rule 16.1(d) and (e), and proposed jury instructions.  Deadline for Parties to exchange affirmative deposition designations. |
| **10 days following the exchange of deposition designations** | Deadline for Parties to exchange counter-designations and objections to deposition designations |
| **7 days following the exchange of counter-designations and objections** | Deadline for Parties to exchange rebuttal designations and objections to counter-designations |
| **5 days following the exchange of rebuttal designations and objections** | Deadline for Parties to exchange objections to rebuttal designations and submit deposition designations, with objections thereto |
| **14 days following the submission of deposition designation and objections** | Deadline for Parties to file *Daubert* motions, motions to strike experts, and motions *in limine* (collectively, "Evidentiary Motions") |
| **14 days following the filing of each Party's Evidentiary Motions** | Deadline for the Parties to respond to Evidentiary Motions |
| **7 days following the filing of each Party's response to Evidentiary Motions** | Deadline for the Parties to file replies in support of Evidentiary Motions |
| **7 days following the filing of the Parties' replies in support of Evidentiary Motions** | Trial commences |

  **VI.**  **Federal Rule of Civil Procedure 26(F)(3) Discovery Plan**

   **A.**  **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

 **Plaintiffs** propose that the Parties serve Initial Disclosures on May 24, 2023, and supplement their Disclosures, if necessary, in accordance with F.R.C.P. 26(a).

 **Appearing Defendants** propose that the Parties serve Initial Disclosures within 14 days of the Court's ruling on Defendants' Motion to Dismiss, if denied in part or in whole.

   **B.**  **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

 **Plaintiffs'** discovery will be centered on Defendants' practices, agreements, and representations concerning FTX's Yield-Bearing Accounts ("YBAs") and FTX's native cryptocurrency token, FTT, as marketed and promoted by the Defendants, as well as how much they were paid (and by whom) to do so, and/or what financial benefit they derived as a result of their marketing and promotion of FTX's unregistered products. Plaintiffs submit that discovery should not be phased or otherwise limited to any particular issues.

 If discovery is necessary following the Court's decision on Defendants' Motion to Dismiss, **Appearing Defendants** submit that discovery should be completed in two phases, with "Phase 1" as class-related discovery and "Phase 2" as merits-related discovery, coming after it is determined whether a class will be certified. Phase 1 class-related discovery will primarily focus on how and when each Plaintiff became an FTX customer, which if any Defendants Plaintiff asserts "promoted" the YBA to him or her, when if at all each Plaintiff received a YBA, how Plaintiff purchased the YBA, where Plaintiff was located when he or she purchased the YBA, what terms of the YBA were received by each Plaintiff, and what information about the YBA was available to and known by each Plaintiff when he or she became an FTX customer, and other matters relating

to the conduct and knowledge of Plaintiffs. Phase 2 merits-related discovery will include discovery related to the YBA product, the conduct of FTX and FTX's management, and other germane issues to the merits.

      C.    **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

**Plaintiffs** will work in good faith to resolve issues concerning discovery and the production of electronically stored information. Plaintiffs will use their best efforts to resolve discovery disputes without the need for unnecessary motion practice before the Court, but respectfully reserve their rights to seek assistance from the Court if needed.

If the Complaint were to survive the impending motion to dismiss, **Appearing Defendants** would likewise cooperate in good faith on these issues, and respectfully reserve their rights to seek assistance from the Court if needed.

      D.    **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

**Plaintiffs** agree to use the procedures set forth in Fed. R. Civ. P. 26(b)(5), Fed. R. Evid. 502, and any protective order entered in this action regarding any claims of privilege or protection for materials asserted as prepared in anticipation of litigation or trial.

If the Complaint were to survive the impending motion to dismiss, **Appearing Defendants** would cooperate in good faith to develop any necessary protective order and protocol governing privilege issues.

E. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

At this time, the Parties do not propose any additional limitations on discovery besides what has already been addressed herein.

F. **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

At this time, the Parties do not propose any changes to the limitations imposed under the Federal Rules of Civil Procedure.

Dated: May 1, 2023

| | |
|---|---|
| *By: /s/ Adam M. Moskowitz* <br> Adam M. Moskowitz <br> Florida Bar No. 984280 <br> adam@moskowitz-law.com <br> Joseph M. Kaye <br> Florida Bar No. 117520 <br> joseph@moskowitz-law.com <br> **THE MOSKOWITZ LAW FIRM, PLLC** <br> 3250 Mary Street, Suite 202 <br> Coconut Grove, FL 33133 <br> Telephone: (305) 740-1423 <br><br> Stuart Z. Grossman <br> Florida Bar No. 156113 <br> Manuel A. Arteaga-Gomez <br> Florida Bar No. 18122 <br> **GROSSMAN ROTH YAFFA COHEN, P.A.** <br> 2525 Ponce de Leon Boulevard, Suite 1150 <br> Coral Gables, FL 33134 <br> Ph: 305-442-8666 <br> szg@grossmanroth.com <br> aag@grossmanroth.com <br><br> Stephen Neal Zack <br> Florida Bar No. 145215 <br> Tyler Ulrich <br> Florida Bar No. 94705 <br> **BOIES SCHILLER FLEXNER LLP** <br> 100 SE 2nd St., Suite 2800 <br> Miami, FL 33131 <br> Office: 305-539-8400 | By: */s/ Jose G. Sepulveda* <br> Jose G. Sepulveda <br> Florida Bar No. 154490 <br> jsepulveda@stearnsweaver.com <br> **STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.** <br> 150 W. Flagler Street, Suite 2000 <br> Miami, Florida 33130 <br><br> Derek Adams <br> Admitted *Pro Hac Vice* <br> dadams@potomaclaw.com <br> **POTOMAC LAW GROUP, PLLC** <br> 1300 Pennsylvania Avenue, NW, Suite 700 <br> Washington, D.C. 20004 <br> Ph: (202) 204-3005 <br><br> *Counsel for Defendants Brian Jung, Erika Kullberg, and Creators Agency, LLC* <br><br> By: */s/ Jason L. Rindenau* <br> Jason L. Rindenau <br> Florida Bar No. 1025645 <br> jason@jasonrindenau.law <br> **JASON RINDENAU LAW** <br> 4910 Tanya Lee Circle, 10212 <br> Davie, Fl 33328 <br> Ph: (908) 415-6504 <br> *Counsel for Defendant Ben Armstrong* |

| | |
|---|---|
| szack@bsfllp.com<br>tulrich@bsfllp.com<br><br>Jose Ferrer<br>Florida Bar No. 173746<br>Michelle Genet Bernstein<br>Florida Bar No. 1030736<br>**MARK MIGDAL HAYDEN LLP**<br>8 SW 8th Street, Suite 1999<br>Miami, FL 33130<br>Office: 305-374-0440<br>jose@markmigdal.com<br>michelle@markmigdal.com<br>eservice@markmigdal.com<br><br>*Co-Counsel for Plaintiffs and the Class* | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on May 1, 2023, with the Court via the CM/ECF system, which will send notification of such filing to all attorneys and/or parties of record, as well as via U.S. Mail and/or equivalent courier service to any parties who have been served but who have not yet entered appearances in this action.

By: *s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ