# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

    Defendants.

_____/

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO SERVE DEFENDANT TOM NASH WITH PROCESS THROUGH ALTERNATE MEANS

**THIS MATTER** came before the Court on Plaintiffs' Motion to serve Defendant Tom Nash with Process Through Alternate Means (the "Motion") [ECF No. __]. Plaintiffs allege that the Defendant Nash currently resides in the country Georgia, has an established Internet-based businesses, utilizes electronic means as reliable forms of contact, and has publicly acknowledged his personal email address is [tomnashyt@gmail.com](mailto:tomnashyt@gmail.com), which Plaintiffs' counsel has previously emailed and which email did not bounce back, indicating Defendant Nash received it and his email address is valid and operational. Therefore, the Plaintiff seeks to serve Defendant Nash through e-mail, through social media, and through publication on a dedicated website, located at [https://moskowitz-law.com/ftx-influencers-class-action](https://moskowitz-law.com/ftx-influencers-class-action) (the "Service Website"). The Court has carefully considered the Motion, the record, and the applicable law.

Rule 4(f)(3) for the Federal Rules of Civil Procedure (the "Rules") "authorizes a district court to order an alternate method for service to be effected upon foreign defendants provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants." *In re Farm-Raised Salmon & Salmon Products Antitrust Litig.*, 19-21551-CIV, 2019 WL 13062201, at *1 (S.D. Fla. May 14, 2019) (Altonaga, J.) (citing Fed. R. Civ. P. 4(f)(3); *Karsten*

*Mfg. Corp. v. Store*, No. 18-CIV-61624, 2018 WL 8060707, at *1 (S.D. Fla. July 26, 2018) (authorizing alternative service of process via e-mail and digital publication); *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.") (alteration added) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003))).

Notably, alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Chengdu Jiechen Tech. Ltd. v. Trobing-US*, 21-61020-CIV, 2021 WL 10382802, at *1 (S.D. Fla. Aug. 10, 2021) (Altman, J.) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). "So especially in a circumstance where service upon a foreign [defendant] under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Id.* (citing *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003))); *see also Karsten Mfg. Corp. v. Store*, No. 18-CIV-61624, 2018 WL 8060707, at *1 (S.D. Fla. July 26, 2018) (authorizing alternative service of process via e-mail and digital publication).

For the following reasons, the Court finds that alternative service of process under Rule 4(f)(3) is warranted here.

**<u>First</u>**, service by e-mail, through social media, or through publication on a website is not prohibited under international agreement in this case.

Georgia is a signatory to through The Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 (the "Hague Convention"), which does not specifically preclude service by e-mail or publication. *See Karsten*, 2018 WL 8060707, at *1. Where a signatory nation has objected to the alternative means of service provided by Section 10 of The Hague Convention, that objection is expressly limited to those means listed in the objection and does not represent a blanket objection to other forms of service, such as e-mail or publication. *See In re Farm-Raised Salmon & Salmon Products Antitrust Litig.*, 2019 WL 13062201, at *1 (citing *Karsten*, 2018 wl 8060707, at *2 (authorizing service by email

and publication); *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv- 20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (authorizing service by e-mail)); *see also Chengdu Jiechen Tech. Ltd.*, 2021 WL 10382802, at *1 (authorizing service by e-mail and publication) (citing *Stat Med. Devices, Inc.*, 2015 WL 5320947, at *3). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See In re Farm-Raised Salmon & Salmon Products Antitrust Litig.*, 2019 WL 13062201, at *1 (citing *Karsten*, 2018 WL 8060707, at *2 (citing *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011))).

Accordingly, service by e-mail, through social media, or through publication on a website does not violate an international agreement.

**Second**, Plaintiffs' proposed Service Plan is reasonably calculated to give notice to the foreign Defendants.

Federal courts have repeatedly authorized alternative service methods, including service by e-mail and website publication, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. *See, e.g. Rio Props.*, 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); *Nat'l Ass'n for Stock Car Auto Racing, Inc. v. Does*, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) ("acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [plaintiff's website]."); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts.") (citation omitted); *In re Int'l Telemedia Assocs., Inc.*, 245 B.R. 713, 721 (N.D. Ga. 2000) ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them.").

Furthermore, this Court has frequently authorized foreign service process via e-mail, through Twitter, and through website publication. *See, e.g., In re Farm-Raised Salmon & Salmon*

*Products Antitrust Litig.*, 2019 WL 13062201, at *1; *see also Oueiss v. Al Saud*, 1:20-CV-25022-KMM, 2021 WL 5088942, at *8 (S.D. Fla. Jan. 18, 2021) (collecting cases and authorizing service under Rule 4(f)(3) on various defendants through mail, email, Twitter, publication, and service directed to their "current U.S.-based counsel"); *Chengdu Jiechen Tech. Ltd.*, 2021 WL 10382802, at *1; *Karsten,* 2018 WL 8060707, at *2; *Tiffany (NJ) LLC v. Dorapang Franchise Store,* No.18-cv-61590, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018) (authorizing service of process via e-mail and publicly posting copies of the summons, complaint, and all future filings on the internet); *Chanel, Inc. v. Individual, P'ship, or Unincorporated Ass'n,* No. 18-61233-CIV, 2018 WL 7253306, at *1 (S.D. Fla. June 7, 2018) (Dimitrouleas, J.) (authorizing service of process via e-mail and publication where defendant had an internet-based business and utilized e-mail as a reliable form of contact); *Stat Medical Devices, Inc. v. HTL-STREFA, Inc.,* No. 15-20590-CIV, 2015 WL 5320947, at *4 (S.D. Fla. Sept. 14, 2015) (concluding that "service by email on the foreign defendant . . . as well as serving the domestic defendant's attorney is reasonably calculated to notify the foreign defendant of the pendency of this action and provide it with an opportunity to defend").

Plaintiffs have created a dedicated Service Website to post the relevant case materials for the sole purpose of providing notice of this action to the Defendants, the address to which will be provided to not only the Verified Twitter Accounts of Defendant Nash, which he uses on a daily basis, but also to his acknowledged personal email address, tomnashyt@gmail.com, which Plaintiffs' counsel has previously emailed and which emails did not bounce back, evincing that his email is valid and operational and Plaintiffs' counsel's email was delivered. *See U.S. Commodity Futures Trading Com'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011) (Cooke, J.) (finding service by email appropriate where plaintiff's prior email "did not receive any bounce back e-mails to indicate that the messages were not delivered successfully"); *see also Chanel, Inc. v. Zhixian*, 10-CV-60585, 2010 WL 1740695, at *1 (S.D. Fla. Apr. 29, 2010) (Cohn, J.) ("The e-mails were not bounced back nor returned as "undeliverable," thereby demonstrating the e-mails were delivered to Defendant Zhixian and the e-mail addresses are valid and operational.").

Therefore, service via e-mail, through social media, and through publication on the dedicated Service Website is "reasonably calculated, under all circumstances, to apprise [Defendant Nash] of the pendency of the action and afford [him] an opportunity to present [his]

*CASE NO. 1:23-cv-21261-RKA*

objections." *Chengdu Jiechen Tech. Ltd.*, 2021 WL 10382802, at *1 (citing *Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1).

Thus, the Court finds it appropriate to exercise its discretion to allow service on Defendant Nash in accordance with Plaintiffs' proposed Service Plan, through e-mail, through social media, and through publication on the dedicated website.

For the foregoing reasons, it is:

**ORDERED AND ADJUDGED** that Plaintiffs' Motion is **GRANTED** as follows:

1. The Court hereby authorizes Plaintiffs to effect service of process upon Defendant Nash in this Action by serving the Complaint and all future filings in this action upon Defendant Nash as follows:

    a. Via website posting by posting a copy of the Complaint and other relevant filings in this matter on the Service Website, located at https://moskowitz-law.com/ftx-influencers-class-action;

    b. Via Twitter through posting the URL to the Service Website on The Moskowitz Law Firm Twitter account @Moskowitzesq, and tagging @iamtomnash; and

    c. Via email through emailing the Complaint and URL to the Service Website to Defendant Tom Nash to his acknowledged personal email address, tomnashyt@gmail.com.

**DONE AND ORDERED** in Miami, Florida this _____ day of May, 2023.

_____
**HONORABLE CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Counsel of record

5