UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.*,

    Plaintiffs,
v.

**KEVIN PAFFRATH**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiffs' Motion to Serve Defendant Tom Nash with Process Through Alternate Means [ECF No. 61], filed on May 1, 2023. On March 15, 2023, Plaintiffs filed a Complaint [ECF No.1] alleging that Defendants promoted, assisted in, and/or actively participated in FTX Trading LTD's and West Realm Shires Services Inc.'s offer and sale of unregistered securities. (*See generally* Compl.).

Plaintiffs have now served all Defendants except for Defendant Tom Nash. (*See* Mot. 5). Plaintiffs allege Nash has an established Internet-based business; utilizes electronic means, including Twitter, as reliable forms of contact; and has publicly acknowledged his personal e-mail address is tomnashyt@gmail.com, which Plaintiffs' counsel has previously e-mailed and which e-mail did not bounce back, indicating Nash received it and his e-mail address is valid and operational. (*See id.* 5–7). Therefore, Plaintiffs seek to serve Nash through e-mail, social media, and publication on a dedicated website, located at https://moskowitz-law.com/ftx-influencers-class-action (the "Service Website"). (*See generally id.*).

CASE NO. 23-21023-CIV-ALTONAGA

According to Plaintiffs, there is good cause to believe that Nash is a resident of the country of Georgia. (*See id.* 6). Federal Rule of Civil Procedure 4(f)(3) allows a district court to order an alternate method for service to be executed on foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See* Fed R. Civ. P. 4(f)(3); *see also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-Civ-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." (alteration added; citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003))).

Georgia and the United States are parties to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361. When a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service. *Cf. Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-Civ, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that "an objection to service through 'postal channels' does not equate to an express objection to service via electronic mail" and that "many federal courts have permitted service by electronic mail" (citations omitted)). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) (citations omitted).

Service by e-mail, through social media, or through publication on a designated website is not prohibited under international agreement in this case. Although the United States and Georgia are parties to the Hague Convention, the Convention does not specifically prohibit service through

2

CASE NO. 23-21023-CIV-ALTONAGA

such means. *See* Hague Convention art. 10. Georgia has also not specifically objected to service by e-mail, through social media, or through publication on a designated website. *See id.* Accession (With Reservations and Declaration) of Georgia, Nov. 15, 1965, 20 U.S.T. 361 (objecting only to service as specified in Article 10 subparts b and c). Accordingly, service by e-mail or Internet communication in this case would not violate an international agreement.

E-mail, social media, and posting on a designated website are reasonably calculated to give notice to Nash. Plaintiffs cite ample cases where courts have granted leave for a plaintiff to serve by e-mail (*see* Mot. 8–9), and where courts have granted leave for a plaintiff to serve by website posting (*see id.*). In those cases, as here: (1) defendants conducted their businesses over the Internet; (2) defendants used e-mail regularly in their businesses; and (3) the plaintiffs showed that e-mail was likely to reach the defendants. *See, e.g.*, *Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017−18 (9th Cir. 2002). Courts have also authorized service through social media under similar circumstances. *See, e.g.*, *GSV Futures LLC v. Casmain, L.P.*, No. 22-cv-05449, 2022 WL 16856361, at *3 (N.D. Cal. Nov. 10, 2022) (collecting cases).

Plaintiffs have shown good cause why leave should be granted to allow service of summons, the Complaint, and all filings and discovery in this matter on Nash via e-mail, social media, or posting on Plaintiffs' designated website.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 61]** is **GRANTED**. Plaintiffs may serve summons, a copy of the Complaint **[ECF No. 1]**, and all other future filings and discovery in this matter upon Defendant Tom Nash as follows:

1. By publication of the Complaint and other relevant filings in this matter on the Service Website, located at https://moskowitz-law.com/ftx-influencers-class-action;

CASE NO. 23-21023-CIV-ALTONAGA

2. By posting on Twitter the URL to the Service Website on The Moskowitz Law Firm Twitter account @Moskowitzesq, and tagging @iamtomnash; and

3. By emailing the Complaint and URL to the Service Website to Defendant Tom Nash to his acknowledged personal email address, tomnashyt@gmail.com.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of May, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record