UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21023-ALTONAGA/Damian

EDWIN GARRISON et al.,

    Plaintiffs,

v.

KEVIN PAFFRATH et al.,

    Defendants.

_____/

**DEFENDANTS' MOTION FOR LEAVE TO FILE SEPARATE
DEFENDANT-SPECIFIC MOTIONS TO DISMISS**

    Defendants Creators Agency LLC, Erika Kullberg, Brian Jung, Tom Nash, Jaspreet Singh, Ben Armstrong, Jeremy Lefebvre, Andrei Jikh, and Graham Stephan respectfully request permission to file separate defendant-specific motions to dismiss. The grounds for this request are set forth below.

    1.    In March 2023, Plaintiffs commenced this putative class action against Defendants—consisting of nine individuals and one company—under Florida statutory and common law based on Defendants' alleged sharing of financial advice and promotion of FTX and its yield-bearing accounts on YouTube and on social media. *See* Compl. ¶ 3, ECF No. 1.

    2.    On April 3, 2023, after one of the Defendants was purportedly served, the Court entered an order requiring that Defendants, after all had been served, "submit a single, combined response or separate answers within the time allowed for the last-served Defendant to respond." Order, ECF No. 19.

    3.    Through various filings, Plaintiffs have provided notice that all Defendants have been purportedly served. And all Defendants, with the exception of Kevin Paffrath, have filed

notices of appearances through various counsel. Some of those counsel have only recently been retained and have only recently filed notices of appearance.

4.      As required by the Court's April 3 order, all Defendants intend to submit a single, combined motion to dismiss the complaint for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and for failure to join an indispensable party under Rule 12(b)(7).[1] At least some Defendants intend also to move to dismiss for defendant-specific reasons—chiefly, for lack of personal jurisdiction under Rule 12(b)(2), for insufficient service of process under Rule (b)(5), or for both. Although the principal arguments for dismissal under Rule 12(b)(6) and 12(b)(7) are common among all Defendants—thus permitting a single-combined response for all Defendants—the arguments for dismissal for the other reasons are not. For this reason—and for additional, practical reasons more fully set forth below—Defendants who have joined in this motion respectfully request that the Court permit them to file separate defendant-specific motions to dismiss, as well, in order to address defendant-specific arguments for dismissal not addressed by Defendants' combined motion to dismiss.

5.      First, the additional reasons for dismissing Defendants are defendant-specific, thus making a combined response sub-optimal. As to lack of personal jurisdiction under Rule 12(b)(2), each Defendant is situated differently; each Defendant is alleged to have committed different acts (or no acts at all); and each Defendant (largely) resides in different states or countries. Further, the analysis for personal jurisdiction in intentional-tort cases like this one is defendant-specific, focusing squarely on "the relationship among the defendant, the forum, and

---

[1] At the time of this filing, because Defendant Paffrath has yet to appear, it is unclear whether he will join in this motion to dismiss.

the litigation." *Walden v. Fiore*, 571 U.S. 277, 291 (2014). Although Defendants acknowledge that there will be some overlap in addressing the governing standards, each Defendants' motion to dismiss for lack of personal jurisdiction will be largely different. All this applies equally to Defendants' motions to dismiss for insufficient service of process and any unique issues or defenses not encompassed by Defendants' combined motion to dismiss.

6. Second, there are practical reasons for permitting Defendants to file separate defendant-specific motions to dismiss. Defendants are represented by various counsel. Defendants have different interests and approaches. And Defendants—some of whom just recently retained counsel and formally appeared—are operating under a tight timeframe in researching for, preparing, and filing their response. Because of these logistical challenges, Defendants also request permission to file separate defendant-specific responses.

7. Defendants acknowledge that filing additional motions to dismiss may increase the Court's workload. To lessen this, Defendants propose grouping the defendant-specific motions to dismiss according to their counsel: thus, Defendants Creators Agency, Kullberg, and Jung would file a combined defendant-specific motion to dismiss; Defendants Lefebvre, Jikh, and Stephan would file a combined defendant-specific motion to dismiss; and each of Defendants Nash, Singh, and Armstrong would each file defendant-specific motions to dismiss. Defendants further propose that the combined motion to dismiss for Defendants Creators Agency, Kullberg, and Jung and for Defendants Lefebvre, Jikh, and Stephan be limited to 30-pages each, and that the motions to dismiss for each of Defendants Nash, Sing, and Armstrong be limited to 15-pages each.

8. A proposed order is attached.

WHEREFORE, Defendants respectfully request that the Court enter an order permitting (1) Defendants Creators Agency, Kullberg, and Jung to file a combined defendant-specific motion to dismiss of no more than 30 pages; (2) Defendants Lefebvre, Jikh, and Stephan to file a combined defendant-specific motion to dismiss of no more than 30 pages; and (3) each of Defendants Nash, Singh, and Armstrong to file a defendant-specific motion to dismiss of no more than 15 pages each.

### Certificate of Good-Faith Conference

As required by Local Rule 7.1(a)(3), the undersigned certifies that Defendants have made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but have been unable to do so. Specifically: On May 10, 2023, at 3:03 p.m., the undersigned e-mailed all of Plaintiffs' counsel requesting their position on the relief sought; none of Plaintiffs' counsel responded. On May 11, 2023, at 12:34 p.m., the undersigned sent a follow-up e-mail to all of Plaintiffs' counsel again requesting their position on the relief sought; once again, none of Plaintiffs' counsel responded. Finally, on May 11, 2023, at 3:44 p.m., the undersigned called one of Plaintiffs' counsel and left a voice message on the relief sought; as of this filing, the phone call has not been returned.

s/Brian W. Toth

Dated: May 12, 2023

s/Brian W. Toth
Brian W. Toth
Florida Bar No. 57708
btoth@tothfunes.com
Ingraham Building
Freddy Funes
Florida Bar No. 87932
TOTH FUNES PA
ffunes@tothfunes.com
25 Southeast Second Avenue, Suite 805
Miami, Florida 33131
(305) 717-7850

*Counsel for Defendant Tom Nash*

Josef M Mysorewala
josefm@lawjmm.com
LAW OFFICE OF JOSEF M MYSOREWALA, PLLC
2000 S. Dixie Highway, Suite 112
Miami, Florida 33133
(305) 356-1031

Kimberly P. Stein
kps@fdllawlv.com
FLANGAS LAW GROUP, INC.
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
(702) 307-9500

*Counsel for Defendants Graham Stephan, Adrei Jikh, and Jeremy Lefebvre*

Darren Adam Heitner
darren@heitnerlegal.com
HEITNER LEGAL, P.L.L.C.
215 Hendricks Isle
Fort Lauderdale, Florida 33301
(954) 558-6999

*Counsel for Ben Armstrong*

Respectfully submitted,

Jose Guillermo Sepulveda
jsepulveda@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON
Museum Tower
150 W Flagler Street, Suite 2200
Miami, Florida 33130
(305) 789-3200

Derek Adams
dadams@potomaclaw.com
POTOMAC LAW GROUP, PLLC
1300 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
(202) 743-1511

*Counsel for Defendants Brian Jung, Erika Kullberg, and Creators Agency LLC*

David E Ghannam
david@ghannam.law
DAVID E GHANNAM, P.C.
17436 College Parkway
Ste 3rd Floor
Livonia, Michigan 48152
(313) 945-0088

*Counsel for Defendant Jaspreet Singh*

5