UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    Plaintiffs,
v.

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

    Defendants.
_____/

**JOINT REPORT IN RESPONSE TO THE COURT'S MAY 16, 2023 ORDER [ECF 88]**

    Plaintiffs, Edwin Garrison, et al. ("Plaintiffs"), and Kevin Paffrath, et al. ("Defendants") (Defendants together with Plaintiffs, the "Parties"), submit this Joint Report, in accordance with the Court's May 16, 2023 Order. ECF No. 88. All of the Parties have been very cooperative and met via phone and Zoom teleconference, but respectfully submit different suggestions for how the Court should conduct discovery on issues of service and jurisdiction. In accordance with the Court's Order, the Parties respectfully state as follows:

    **I.    PLAINTIFFS' REPORT ON DISCOVERY**

    Plaintiffs and their Counsel have been litigating crypto class actions before this Court[1] for over a year and have learned a great deal during the discovery process. Plaintiffs and their Counsel have fully briefed, and received many Orders, on issues including jurisdictional discovery. Plaintiffs' Counsel have also been litigating similar class actions against Defendants Mark Cuban and his Dallas Mavericks, for their role in promoting *Voyager's* unregistered securities offerings,[2] where plaintiffs have completed most of the necessary discovery and depositions.

---

[1] *Mark Cassidy v. Voyager Digital Ltd., et al.,* Case No. 21-cv-24441 (the "*Cassidy* Action")
[2] *Robertson, et al. v. Mark Cuban, et al.,* Case No. 22-CV-22538 (the "*Voyager Brand*

Plaintiffs want to streamline and narrow discovery so that the Parties can focus on two main questions: (1) Did FTX offer and sell "unregistered securities" (including through offering and selling the FTX interest accounts and FTT tokens), and (2) did these specific Defendants "promote" the sale of the unregistered securities, leading to joint and several liability against FTX under the Florida (and/or other applicable state) securities statute(s).

In the Court's Case Management Order [D.E. 62], the Court already stated it was not (at this stage) bifurcating discovery. In the related *Voyager* cases, this Court (in the *Cassidy* Action) and Magistrate Judge Reid and Judge Altman (in the *Voyager Brand Ambassadors* Action) also found that there was no clear line between merits and class discovery under these facts and declined to bifurcate discovery. After these rulings in the *Voyager Brand Ambassadors* Action, counsel for Mr. Cuban even agreed that we take only one deposition (7 hours), so we only took one complete deposition that covered all areas (jurisdiction and merits). The Court has set a discovery deadline here of July 3rd [D.E. 62], for Plaintiffs to complete discovery related to the impending class certification.

**Service of the Complaint**: Issues regarding whether the Defendants were properly served is easier, because Plaintiffs provided 8 of the 10 Defendants (other than Armstrong and Creators Agency LLC) via email on March 31, 2023, with a copy of the Complaint and Notice of Commencement of Action and Request for Waiver of Service forms. *See* **Composite Exhibit A**. Many of the Defendants declined to return the Waiver forms, so they were served with formal process. Although a few Defendants contend that they were improperly served, each defendant has now appeared through counsel, who should be authorized (either by their client or by the Court) to accept service of process on their behalf, to the extent there are any perceived issues with how process was served. The current service as it stands was certainly sufficient to provide all Defendants with notice to the extent that they have now appeared in this Action. In any event, Plaintiffs certainly would not object to the Court granting Defendants—as requested—an extension of time for their responses to the Complaint as if their counsel now executed the waiver (as the deadline for responses under the waivers that were sent on March 31, 2023, would be May 30, 2023).

To the extent that any of these Defendants refuse to authorize their counsel to accept service on their behalf, Plaintiffs respectfully submit that the Court can enter an order authorizing Plaintiffs

---

*Ambassadors* Action")

to serve any Defendant with process through email to their counsel in this Action, particularly in the case of Defendant Kullberg, whose whereabouts are unknown but may be currently outside of the United States,[3] since the Court ordered all Defendants be served before June 13, 2023. *See, e.g.,* ECF Nos. 3, 61, 65.

**Jurisdictional Discovery**: Judge K. Michael Moore recently granted Plaintiffs leave to file an Amended Complaint in the related matter, *Garrison v. Bankman-Fried*, No. 1:22-cv-23753-KMM, ECF No. 205. We know now that it was FTX's Miami office, and its Miami-based Vice President of Business Development, Mr. Avinash Dabir, who was personally involved with originating, organizing and directing most of the FTX celebrity and promotional activities. Now that the Parties conducted their Rule 26 Meeting, Plaintiffs already served Defendants on May 17, 2023, with 7 very narrow requests for production (seeking documents about their own FTX promotions) and notices for one brief Zoom deposition of each Defendant. *See* **Composite Exhibit B**.

Plaintiffs do not want to create any unreasonable burdens for any party. In all of our prior cases, none of the Defendants have sustained their burden to show any "undue burden" in responding to this discovery, and Plaintiffs have effectively completed all of that discovery efficiently and expeditiously. These 7 narrow requests are very specific and Plaintiffs are glad for defendants to produce their materials, as they are kept in the ordinary course of business. Plaintiffs are also open to work out any specific cases, where for some reason, the production of the responsive materials may be "unduly burdensome." Moreover, Plaintiffs agree to take only one deposition via Zoom (so no travel is necessary), and Defendants can select their own location), on any date (at least 10 days after the materials are produced, but well before July 3rd).

---

[3] Various recent sources state that Kullberg may be located in the "United States" or in Japan, and her husband, Eric Kullberg, lists Dubai as his location on his LinkedIn profile. *See* https://www.linkedin.com/in/erika2/ (Erika Kullberg LinkedIn); https://ae.linkedin.com/in/eric-kullberg-315b633a?trk=public_post_feed-actor-name (Eric Kullberg LinkedIn); https://il.linkedin.com/posts/eric-kullberg-315b633a_erikataughtme-activity-6988093145766887425-Vacy ("I am unbelievably proud of my wife, Erika Kullberg, who has travelled the world over the past four months to interview industry experts, entrepreneurs, leaders, authors and creators as part of her latest project — the 'Erika Taught Me' podcast.").

### 2. DEFENDANT'S REPORT ON DISCOVERY

Defendants Creators Agency LLC, Erika Kullberg, Brian Jung, Tom Nash, Jaspreet Singh, Ben Armstrong, Jeremy Lefebvre, Andrei Jikh, Graham Stephan, and Kevin Paffrath intend to challenge personal jurisdiction over them. Additionally, Defendants Jeremy Lefebvre, Andrei Jikh, Erika Kullberg, and Kevin Paffrath do not believe that they have been properly served. As required by the Court's amended order of May 16, 2023, ECF No. 88, Plaintiffs and Defendants have conferred. Below, Defendants set forth their positions and address the Court's directives.

Defendants summarize their position as follows: Defendants do not believe that Plaintiffs are entitled to any jurisdictional discovery for the reasons set forth below. If, however, the Court permits limited jurisdictional discovery, then the Court should adopt a discovery and briefing schedule similar to the one it issued in *Cassidy v. Voyager Digital Ltd*. *See* Order, *Cassidy v. Voyager Digital Ltd.*, No. 21-cv-24441-CMA, at 6–7 (S.D. Fla. Mar. 3, 2022), ECF No. 36 (the "*Voyager Digital* Order"). Regardless of whether the Court permits limited jurisdictional discovery, the Court—as it also ruled in the *Voyager Digital* Order—should set aside or stay all other deadlines in its Scheduling Order. ECF No. 62. Only if any of Defendants are not dismissed because of lack of personal jurisdiction or improper service should the case then proceed on the merits.

**Personal Jurisdiction**

At the outset, based on the allegations in the Complaint, Plaintiffs are not entitled to any jurisdictional discovery. It is well established that courts have wide latitude in denying jurisdictional discovery where a plaintiff has failed to make a prima facie case for jurisdiction. *See, e.g.*, *Frontera Res. Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Rep.*, 582 F.3d 393, 401 (2d Cir. 2009) ("A district court has wide latitude to determine the scope of discovery, and is typically within its discretion to deny jurisdictional discovery when the plaintiff has not made out a prima facie case for jurisdiction." (alteration omitted) (citation omitted) (internal quotation marks omitted)); *Negrón–Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 27 (1st Cir. 2007) ("[B]ecause Negrón has failed to make a colorable claim for personal jurisdiction, we have no reason to overturn the district court's denial of her request for jurisdictional discovery."); *Vision Media TV Grp., LLC v. Forte*, 724 F. Supp. 2d 1260, 1267 n.3 (S.D. Fla. 2010) ("Plaintiff must provide the Court with some showing establishing the need for jurisdictional discovery."); 8 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 2008.3 (3d ed. Apr. 2014) ("[A] district court

may properly refuse or limit jurisdictional discovery if the plaintiff has not made a sufficient showing that there may be a basis for exercise of jurisdiction ….").

Here, Plaintiffs have failed to make a prima facie case for personal jurisdiction over any Defendant. To begin with, the Complaint contains no well-pleaded allegations about any one of Defendants that would support personal jurisdiction over any of them. Indeed, apart from brief allegations identifying Defendants, *see* Compl. ¶¶ 22–31, the Complaint contains no allegations about any Defendant suggesting that any is subject to personal jurisdiction in Florida. Although the Complaint does contain a paragraph on personal jurisdiction, *see* Compl. ¶ 33, the allegations in that paragraph—which lumps all Defendants together—contain "no more than conclusions" that "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although—as the Court recently observed—"a plaintiff 'initially need only allege sufficient facts to make out a prima facie case of jurisdiction,'" *Voyager Digital* Order at 2 (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999), Plaintiffs' Complaint has failed even to do that. In short, the Court should not permit any jurisdictional discovery at all. *See Indus. Network, Inc. v. Hitti*, 2014 WL 324656, at *3 (S.D. Fla. Jan. 28, 2014) ("The purpose of jurisdictional discovery is to ascertain the truth of the allegations underlying the assertion of personal jurisdiction—it is not a vehicle for a fishing expedition in the hopes that discovery will sustain the exercise of jurisdiction.").

If the Court does not permit any jurisdictional discovery, then the Court should require Defendants to file their motions to dismiss for lack of personal jurisdiction, to dismiss for improper service, and to dismiss for failure to state a claim and to join indispensable parties within 30 days, so that all Defendants respond at the same time. All other deadlines and merits discovery should be stayed until after the Court rules on these motions to dismiss.

If, on the other hand, the Court is inclined instead to permit limited jurisdictional discovery, then the Court should adopt a discovery and briefing schedule similar to the one set forth in the *Voyager Digital* Order. Specifically, Defendants propose the following schedule, which would conclude jurisdictional discovery within roughly two months' time:

- Within 10 days after the Court enters an order, the parties must serve any written discovery (which may consist of requests for production, interrogatories, and requests for admission) on the opposing party[4], which must be limited solely to personal jurisdiction.

---

[4] For clarity, if jurisdictional discovery is permitted, Defendants seek to take discovery from

- Within 21 days after service of any written discovery, the parties must serve responses, any objections, and any non-objected-to discovery (together, "Responsive Discovery"). For any objections, the parties must promptly meet and confer and contact Judge Damian's chambers to arrange a date for a hearing.

- Within 21 days after service of the Responsive Discovery, any desired depositions must take place. As with the written discovery, the scope of any deposition is limited solely to personal jurisdiction and is limited to 5 hours each.

- Within 7 days after completion of jurisdictional discovery, Defendants must file their motions to dismiss for lack of personal jurisdiction, for improper service, and for failure to state a cause of action and failure to join indispensable parties. Thereafter, response and reply memoranda are due within the timeframe permitted by the Local Rules.

Defendants acknowledge that this briefing schedule builds in more time than that in the *Voyager Digital* Order. But that additional time—about two months for jurisdictional discovery to be completed and for the motions to dismiss for lack of personal jurisdiction to be filed—is necessary because inn *Voyager Digital*, there were only two defendants; here, there are ten defendants. Thus, discovery will take longer logistically, and additional time is warranted.

Regardless of whether the Court permits limited jurisdictional discovery, the Court should set aside or stay all other deadlines in its Scheduling Order. ECF No. 62 including merits discovery. "As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims." *Rep. of Pan. v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 941 (11th Cir. 1997); *see also id.* ("A defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings. Thus, as a preliminary matter, courts should determine if they have the power to bind a defendant with a ruling on the merits of the case." (citation omitted)). For this reason, the Court stayed all its deadlines in the *Voyager Digital* Order, and it should do the same here. Only if any Defendant is not dismissed because of lack of personal jurisdiction or improper service should the Court permit merits discovery.

**Service of Process**

Four Defendants assert that that have not been properly served with process: Jeremy Lefebvre, Andrei Jikh, Kevin Paffrath, and Erika Kullberg. On May 18, 2023, these Defendants

---

Plaintiffs regarding personal jurisdiction as well. During meet-and-confer sessions with counsel for Defendant Paffrath, Plaintiffs' counsel seem to indicate that they believed jurisdictional discovery should be provided only from Defendants to Plaintiff. Defendants disagree with this position and believe that jurisdictional discovery should be available to all parties.

conferred with Plaintiffs in an attempt to resolve the issues surrounding service. Defendants Lefebvre, Jikh, and Paffrath have agreed to accept service of process through an appropriate waiver, and it is their position that doing so would entitle them to 60 days to answer or otherwise respond to the Complaint. *See* FED. R. CIV. P. 4(d). Based on the conferral, Plaintiffs seemed inclined to permit these Defendants additional time to respond if Defendants accepted service of process. Plaintiffs, however, raised a concern that the Court would not want multiple or varying deadlines within which different Defendants would respond.

To address this concern, Defendants propose that, if no jurisdictional discovery is permitted, *all* Defendants be given 30 days to file a motion for lack of personal jurisdiction and to file a motion to dismiss based on Rule 12(b)(6) and/or Rule 12(b)(7) grounds (and Defendant Kullberg will file a motion to dismiss to challenge the sufficiency of service). Alternatively, if jurisdictional discovery is permitted, the motions to dismiss would be filed in accordance with the schedule proposed above (7 days after completion of jurisdictional discovery) and all Defendants would agree to participate in jurisdictional discovery in the interim period before the motions to dismiss would be due.

With regard to Defendant Paffrath, Plaintiffs claim to have served Mr. Paffrath by serving the summons complaint on the windshield of his wife's automobile, in Ventura, California on April 27, 2023. (*See* Affidavit of Jeffrey S. Larock, ECF No. 58). Paffrath's counsel has preliminarily reviewed whether this purported service of process complies with federal or California law and believes the service is defective. However, Paffrath's counsel has proposed to Plaintiffs' counsel it would accept Plaintiffs' Request for Waiver of Service of Process, pursuant to Federal Rule of Civil Procedure(4)(d) in lieu of contesting service and would agree to the procedure proposed above.

Defendant Kullberg conferred with Plaintiffs' counsel via a zoom conference and via email in an effort to resolve the issues surrounding service. Specifically, Kullberg's service was not proper under New York law because she does not reside, and has never resided, at 40 Waterside Plz, Apt 11D, New York, NY, *see* ECF No. 25, nor at any location in New York. Furthermore, the return of service has inaccurate statements. Defendant Kullberg has requested that Plaintiffs withdraw their affidavit of return of service, and properly serve Defendant Kullberg. No agreement on the issues of service as it relates to Kullberg has been reached.

**Respectfully submitted May 18, 2023.**

| | |
|---|---|
| **By:** */s/ Adam M. Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Telephone: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br><br>Stuart Z. Grossman<br>Florida Bar No. 156113<br>Manuel A. Arteaga-Gomez<br>Florida Bar No. 18122<br>**GROSSMAN ROTH YAFFA COHEN, P.A.**<br>2525 Ponce de Leon Boulevard, Suite 1150<br>Coral Gables, FL 33134<br>Ph: 305-442-8666<br>szg@grossmanroth.com<br>aag@grossmanroth.com<br><br>Stephen Neal Zack<br>Florida Bar No. 145215<br>Tyler Ulrich<br>Florida Bar No. 94705<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd St., Suite 2800<br>Miami, FL 33131<br>Office: 305-539-8400<br>szack@bsfllp.com<br>tulrich@bsfllp.com<br><br>Jose Ferrer<br>Florida Bar No. 173746<br>**MARK MIGDAL HAYDEN LLP**<br>Miami, FL 33130<br>Office: 305-374-0440<br>jose@markmigdal.com<br>michelle@markmigdal.com<br>eservice@markmigdal.com<br><br>*Co-Counsel for Plaintiffs and the Class* | By: */s/Brian W. Toth*<br>Brian W. Toth<br>Florida Bar No. 57708<br>btoth@tothfunes.com<br>Ingraham Building<br>Freddy Funes<br>Florida Bar No. 87932<br>TOTH FUNES PA<br>ffunes@tothfunes.com<br>25 Southeast Second Avenue, Suite 805<br>Miami, Florida 33131<br>(305) 717-7850<br><br>*Counsel for Defendant Tom Nash*<br><br>By: */s/ Jose G. Sepulveda*<br>Jose Guillermo Sepulveda<br>jsepulveda@stearnsweaver.com<br>STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON<br>Museum Tower<br>150 W Flagler Street, Suite 2200<br>Miami, Florida 33130<br>(305) 789-3200<br><br>Derek Adams<br>dadams@potomaclaw.com<br>POTOMAC LAW GROUP, PLLC<br>1300 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC 20004<br>(202) 743-1511<br><br>*Counsel for Defendants Brian Jung, Erika Kullberg, and Creators Agency LLC*<br><br>David E Ghannam<br>david@ghannam.law<br>DAVID E GHANNAM, P.C.<br>17436 College Parkway<br>Ste 3rd Floor<br>Livonia, Michigan 48152<br>(313) 945-0088<br><br>*Counsel for Defendant Jaspreet Singh* |

|  | By: /s/Joseph M. Mysorewala<br>Josef M Mysorewala<br>josefm@lawjmm.com<br>LAW OFFICE OF JOSEF M MYSOREWALA, PLLC<br>2000 S. Dixie Highway, Suite 112<br>Miami, Florida 33133<br>(305) 356-1031<br><br>Kimberly P. Stein<br>kps@fdllawlv.com<br>FLANGAS LAW GROUP, INC.<br>3275 South Jones Blvd., Suite 105<br>Las Vegas, Nevada 89146<br>(702) 307-9500<br><br>*Counsel for Defendants Graham Stephan, Adrei Jikh, and Jeremy Lefebvre*<br><br>By: /s/Darren Adam Heitner<br>Darren Adam Heitner<br>darren@heitnerlegal.com<br>HEITNER LEGAL, P.L.L.C.<br>215 Hendricks Isle<br>Fort Lauderdale, Florida 33301<br>(954) 558-6999<br><br>*Counsel for Ben Armstrong*<br><br>By: /s/Adam J. Lamb<br>**JOSEPH A. DEMARIA, B.C.S.**<br>Florida Bar No. 764711<br>JDeMaria@FoxRothschild.com<br>**ADAM J. LAMB**<br>Florida Bar No. 899046<br>alamb@FoxRothschild.com<br>**FOX ROTHSCHILD LLP**<br>One Biscayne Tower, Suite 2750<br>2 South Biscayne Blvd.<br>Miami, Florida 33131<br>Telephone: 305.442.6547<br>Facsimile: 305.442.6541<br><br>*Attorney for Defendant Kevin Paffrath* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on May 18, 2023, with the Court via the CM/ECF system, which will send notification of such filing to all attorneys and/or parties of record.

By: *s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ