# Composite

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-21023-CIV-ALTONAGA/Damian**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN,**
**ANDREI JIKH, JASPREET SINGH, BRIAN**
**JUNG, JEREMY LEFEBVRE, TOM NASH,**
**BEN ARMSTRONG, ERIKA KULLBERG,**
**CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF
## DEFENDANT BEN ARMSTRONG

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

     **DEPONENT**:     Defendant Ben Armstrong

     **DATE**:     June 19, 2023

     **TIME**:     10:00am EST

     **LOCATION**:     Zoom (contact counsel for details)

     The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                    Respectfully submitted,

**By: */s/ Adam Moskowitz*_____**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.


By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-21023-CIV-ALTONAGA/Damian

EDWIN GARRISON, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

v.

KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,

     *Defendants.*

_____/

**PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO
<u>DEFENDANT BEN ARMSTRONG</u>**

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Ben Armstrong

("Armstrong"), produce the documents requested in response to these seven requests.

     Dated: May 17, 2023               Respectfully submitted,

                                        By: *<u>/s/ Adam Moskowitz</u>*
                                        Adam M. Moskowitz
                                        Florida Bar No. 984280
                                        adam@moskowitz-law.com
                                        Joseph M. Kaye
                                        Florida Bar No. 117520
                                        joseph@moskowitz-law.com
                                      **THE MOSKOWITZ LAW FIRM, PLLC**
                                        2 Alhambra Plaza, Suite 601
                                        Coral Gables, FL 33134
                                        Telephone: (305) 740-1423

                                        **By: *<u>/s/Stuart Z. Grossman</u>***
                                        Stuart Z. Grossman
                                        Florida Bar No. 156113
                                        Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1. "Armstrong," "You," or "Your" means Defendant Ben Armstrong and any of his affiliates, representatives, or agents.

2. "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3. "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4. "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5. "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6. "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7. "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8. Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9. "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10. All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1. Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

    a.      the reasons and facts supporting any withholding;

    b.      the date such document was prepared;

    c.      the names, employment positions and addresses of the author or preparers of such document;

    d.      the names, employment positions, and the addresses of each person who received such document;

    e.      the title and a brief description of the document; and

    f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

    a.      the contents of the lost or destroyed document;

    b.      all locations in which any copy of the lost or destroyed document had been maintained;

    c.      the date of such loss or destruction;

    d.      the name of each person who ordered, authorized, and carried out

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.    All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.    All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.    All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.    All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-21023-CIV-ALTONAGA/Damian**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,**
**ANDREI JIKH, JASPREET SINGH, BRIAN**
**JUNG, JEREMY LEFEBVRE, TOM NASH,**
**BEN ARMSTRONG, ERIKA KULLBERG,**
**CREATORS AGENCY, LLC,**

      *Defendants.*
_____/

**NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF**

**DEFENDANT KEVIN PAFFRATH**

      Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition
of the below-named person/entity on the date, time, and at the location indicated.

      **DEPONENT**:    Defendant Kevin Paffrath

      **DATE**:    June 20, 2023

      **TIME**:    10:00am EST

      **LOCATION**:    Zoom (contact counsel for details)

      The aforesaid deposition will be before a court reporter, an officer authorized by law to
administer oaths and take depositions in the State of Florida.  The deposition is being taken for the
purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the
Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023

Respectfully submitted,

**By:** ***/s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** ***/s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By:** ***/s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By:** ***/s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 23-21023-CIV-ALTONAGA/Damian**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

**PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO**
**DEFENDANT KEVIN PAFFRATH**

Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Kevin Paffrath

("Paffrath"), produce the documents requested in response to these seven requests.

Dated: May 17, 2023          Respectfully submitted,

          **By:** ***/s/ Adam Moskowitz***
          Adam M. Moskowitz
          Florida Bar No. 984280
          adam@moskowitz-law.com
          Joseph M. Kaye
          Florida Bar No. 117520
          joseph@moskowitz-law.com
          **THE MOSKOWITZ LAW FIRM, PLLC**
          2 Alhambra Plaza, Suite 601
          Coral Gables, FL 33134
          Telephone: (305) 740-1423

          **By:** ***/s/Stuart Z. Grossman***
          Stuart Z. Grossman
          Florida Bar No. 156113
          Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

2

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Paffrath," "You," or "Your" means Defendant Kevin Paffrath and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

      a.      the reasons and facts supporting any withholding;

      b.      the date such document was prepared;

      c.      the names, employment positions and addresses of the author or preparers of such document;

      d.      the names, employment positions, and the addresses of each person who received such document;

      e.      the title and a brief description of the document; and

      f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

      a.      the contents of the lost or destroyed document;

      b.      all locations in which any copy of the lost or destroyed document had been maintained;

      c.      the date of such loss or destruction;

      d.      the name of each person who ordered, authorized, and carried out

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

the destruction of any responsive document;

e.   all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.   all efforts made to locate any responsive document alleged to have been lost.

5.   In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.   These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.   All documents are to be produced in the following method:

a)  Single page .TIFF

b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-21023-CIV-ALTONAGA/Damian**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,**
**ANDREI JIKH, JASPREET SINGH, BRIAN**
**JUNG, JEREMY LEFEBVRE, TOM NASH,**
**BEN ARMSTRONG, ERIKA KULLBERG,**
**CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT ANDREI JIKH</u>

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

     **DEPONENT**:    Defendant Andre Jikh

     **DATE**:        June 21, 2023

     **TIME**:        10:00am EST

     **LOCATION**:    Zoom (contact counsel for details)

     The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023

Respectfully submitted,

**By:** *__/s/ Adam Moskowitz_____*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By:** *__/s/Stuart Z. Grossman__*
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By:** *__/s/ Stephen Neal Zack__*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By:** *__/s/ Jose Ferrer__*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17, 2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
    ADAM M. MOSKOWITZ

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-21023-CIV-ALTONAGA/Damian**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

      *Defendants.*

_____/

**PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO**
**DEFENDANT ANDREI JIKH**

      Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Andrei Jikh

("Jikh"), produce the documents requested in response to these seven requests.

      Dated: May 17, 2023              Respectfully submitted,

                                    **By: */s/ Adam Moskowitz***
                                      Adam M. Moskowitz
                                      Florida Bar No. 984280
                                      adam@moskowitz-law.com
                                      Joseph M. Kaye
                                        Florida Bar No. 117520
                                      joseph@moskowitz-law.com
                                      **THE MOSKOWITZ LAW FIRM, PLLC**
                                      2 Alhambra Plaza, Suite 601
                                      Coral Gables, FL 33134
                                      Telephone: (305) 740-1423

                                      **By: */s/Stuart Z. Grossman***
                                        Stuart Z. Grossman
                                        Florida Bar No. 156113
                                        Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

### <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Jikh," "You," or "Your" means Defendant Andrei Jikh and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8. Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9. "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10. All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11. Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1. Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.     These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.     For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

     a.     the reasons and facts supporting any withholding;

     b.     the date such document was prepared;

     c.     the names, employment positions and addresses of the author or preparers of such document;

     d.     the names, employment positions, and the addresses of each person who received such document;

     e.     the title and a brief description of the document; and

     f.     the number of the request under which such document would be produced but for the objection.

4.     If any document responsive to a request has been destroyed, produce all documents describing or referencing:

     a.     the contents of the lost or destroyed document;

     b.     all locations in which any copy of the lost or destroyed document had been maintained;

     c.     the date of such loss or destruction;

     d.     the name of each person who ordered, authorized, and carried out

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

the destruction of any responsive document;

e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

f.      all efforts made to locate any responsive document alleged to have been lost.

5.      In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.      These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.      All documents are to be produced in the following method:

a)  Single page .TIFF

b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

## **SEVEN REQUESTS FOR PRODUCTION**

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-21023-CIV-ALTONAGA/Damian**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

**NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF**

**DEFENDANT GRAHAM STEPHAN**

     Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

     **DEPONENT**:    Defendant Graham Stephan

     **DATE**:    June 22, 2023

     **TIME**:    10:00am EST

     **LOCATION**:    Zoom (contact counsel for details)

     The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                    Respectfully submitted,

**By: */s/ Adam Moskowitz*_____**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

      *Defendants.*

_____/

### PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO <u>DEFENDANT GRAHAM STEPHAN</u>

      Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Graham Stephan

("Stephan"), produce the documents requested in response to these seven requests.

      Dated: May 17, 2023                Respectfully submitted,

                                   **By: */s/ Adam Moskowitz***
                                   Adam M. Moskowitz
                                   Florida Bar No. 984280
                                   adam@moskowitz-law.com
                                   Joseph M. Kaye
                                   Florida Bar No. 117520
                                   joseph@moskowitz-law.com
                                   **THE MOSKOWITZ LAW FIRM, PLLC**
                                   2 Alhambra Plaza, Suite 601
                                   Coral Gables, FL 33134
                                   Telephone: (305) 740-1423

                                   **By: */s/Stuart Z. Grossman***
                                   Stuart Z. Grossman
                                   Florida Bar No. 156113
                                   Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack*****
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer*****
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

2

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Stephan," "You," or "Your" means Defendant Graham Stephan and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

addresses provided in the signature blocks of the attorneys serving these requests.

2.    These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.    For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.    the reasons and facts supporting any withholding;

        b.    the date such document was prepared;

        c.    the names, employment positions and addresses of the author or preparers of such document;

        d.    the names, employment positions, and the addresses of each person who received such document;

        e.    the title and a brief description of the document; and

        f.    the number of the request under which such document would be produced but for the objection.

4.    If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.    the contents of the lost or destroyed document;

        b.    all locations in which any copy of the lost or destroyed document had been maintained;

        c.    the date of such loss or destruction;

        d.    the name of each person who ordered, authorized, and carried out

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

    a)  Single page .TIFF

    b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents amd communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-21023-CIV-ALTONAGA/Damian**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,**
**ANDREI JIKH, JASPREET SINGH, BRIAN**
**JUNG, JEREMY LEFEBVRE, TOM NASH,**
**BEN ARMSTRONG, ERIKA KULLBERG,**
**CREATORS AGENCY, LLC,**

    *Defendants.*

_____/

**<u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>**

**<u>DEFENDANT JASPREET SINGH</u>**

    Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

        **DEPONENT**:    Defendant Jaspreet Singh

        **DATE**:    June 23, 2023

        **TIME**:    10:00am EST

        **LOCATION**:    Zoom (contact counsel for details)

    The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                    Respectfully submitted,

**By: */s/ Adam Moskowitz*_____**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT JASPREET SINGH

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Jaspreet Singh

("Singh"), produce the documents requested in response to these seven requests.

Dated: May 17, 2023          Respectfully submitted,

                          **By: */s/ Adam Moskowitz*** _____
                          Adam M. Moskowitz
                          Florida Bar No. 984280
                          adam@moskowitz-law.com
                          Joseph M. Kaye
                          Florida Bar No. 117520
                          joseph@moskowitz-law.com
                          **THE MOSKOWITZ LAW FIRM, PLLC**
                          2 Alhambra Plaza, Suite 601
                          Coral Gables, FL 33134
                          Telephone: (305) 740-1423

                          **By: */s/Stuart Z. Grossman***
                          Stuart Z. Grossman
                          Florida Bar No. 156113
                          Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Singh," "You," or "Your" means Defendant Jaspreet Singh and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

addresses provided in the signature blocks of the attorneys serving these requests.

2.     These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.     For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.     the reasons and facts supporting any withholding;

        b.     the date such document was prepared;

        c.     the names, employment positions and addresses of the author or preparers of such document;

        d.     the names, employment positions, and the addresses of each person who received such document;

        e.     the title and a brief description of the document; and

        f.     the number of the request under which such document would be produced but for the objection.

4.     If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.     the contents of the lost or destroyed document;

        b.     all locations in which any copy of the lost or destroyed document had been maintained;

        c.     the date of such loss or destruction;

        d.     the name of each person who ordered, authorized, and carried out

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

the destruction of any responsive document;

  e.   all document retention and destruction policies in effect at the time any requested document was destroyed; and

  f.   all efforts made to locate any responsive document alleged to have been lost.

5.   In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.   These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.   All documents are to be produced in the following method:

  a)   Single page .TIFF

  b)   Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

  c)   OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

  d)   Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents mgmt communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-21023-CIV-ALTONAGA/Damian**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## <u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>
## <u>DEFENDANT BRIAN JUNG</u>

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

     **DEPONENT**:    Defendant Brian Jung

     **DATE**:    June 26, 2023

     **TIME**:    10:00am EST

     **LOCATION**:    Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                                    Respectfully submitted,

**By: */s/ Adam Moskowitz*_____**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT BRIAN JUNG

Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Brian Jung

("Jung"), produce the documents requested in response to these seven requests.

Dated: May 17, 2023              Respectfully submitted,

                                     **By: */s/ Adam Moskowitz*_____**
                                     Adam M. Moskowitz
                                     Florida Bar No. 984280
                                     adam@moskowitz-law.com
                                     Joseph M. Kaye
                                     Florida Bar No. 117520
                                     joseph@moskowitz-law.com
                                     **THE MOSKOWITZ LAW FIRM, PLLC**
                                     2 Alhambra Plaza, Suite 601
                                     Coral Gables, FL 33134
                                     Telephone: (305) 740-1423

                                     **By: */s/Stuart Z. Grossman***
                                     Stuart Z. Grossman
                                     Florida Bar No. 156113
                                     Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Jung," "You," or "Your" means Defendant Brian Jung and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

   a.      the reasons and facts supporting any withholding;

   b.      the date such document was prepared;

   c.      the names, employment positions and addresses of the author or preparers of such document;

   d.      the names, employment positions, and the addresses of each person who received such document;

   e.      the title and a brief description of the document; and

   f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

   a.      the contents of the lost or destroyed document;

   b.      all locations in which any copy of the lost or destroyed document had been maintained;

   c.      the date of such loss or destruction;

   d.      the name of each person who ordered, authorized, and carried out

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

the destruction of any responsive document;

     e.     all document retention and destruction policies in effect at the time any requested document was destroyed; and

     f.     all efforts made to locate any responsive document alleged to have been lost.

5.     In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.     These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.     All documents are to be produced in the following method:

     a)   Single page .TIFF

     b)   Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

     c)   OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

     d)   Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

*Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.*

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents mgmt communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-21023-CIV-ALTONAGA/Damian**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

    *Defendants.*

_____/

<u>**NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF**</u>

<u>**DEFENDANT JEREMY LEFEBVRE**</u>

      Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Defendant Jeremy LeFebvre |
| **DATE**: | June 27, 2023 |
| **TIME**: | 10:00am EST |
| **LOCATION**: | Zoom (contact counsel for details) |

      The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023

Respectfully submitted,

**By: */s/ Adam Moskowitz*_____**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT JEREMY LEFEBVRE

     Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Jeremy

LeFebvre ("LeFebvre"), produce the documents requested in response to these seven requests.

     Dated: May 17, 2023          Respectfully submitted,

                           **By: */s/ Adam Moskowitz*_____**
                           Adam M. Moskowitz
                           Florida Bar No. 984280
                           adam@moskowitz-law.com
                           Joseph M. Kaye
                           Florida Bar No. 117520
                           joseph@moskowitz-law.com
                           **THE MOSKOWITZ LAW FIRM, PLLC**
                           2 Alhambra Plaza, Suite 601
                           Coral Gables, FL 33134
                           Telephone: (305) 740-1423

                           **By: */s/Stuart Z. Grossman***
                           Stuart Z. Grossman
                           Florida Bar No. 156113
                           Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "LeFebvre," "You," or "Your" means Defendant Jeremy LeFebvre and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.      All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.      Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.      Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

      a.      the reasons and facts supporting any withholding;

      b.      the date such document was prepared;

      c.      the names, employment positions and addresses of the author or preparers of such document;

      d.      the names, employment positions, and the addresses of each person who received such document;

      e.      the title and a brief description of the document; and

      f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

      a.      the contents of the lost or destroyed document;

      b.      all locations in which any copy of the lost or destroyed document had been maintained;

      c.      the date of such loss or destruction;

      d.      the name of each person who ordered, authorized, and carried out

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

the destruction of any responsive document;

    e.    all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.    all efforts made to locate any responsive document alleged to have been lost.

5.    In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.    These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.    All documents are to be produced in the following method:

a)  Single page .TIFF

b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.     All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.     All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.     All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-21023-CIV-ALTONAGA/Damian**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,**

    *Defendants.*

_____/

<u>**NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF**</u>

<u>**DEFENDANT TOM NASH**</u>

    Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

        **DEPONENT**:    Defendant Tom Nash

        **DATE**:    June 28, 2023

        **TIME**:    10:00am EST

        **LOCATION**:    Zoom (contact counsel for details)

    The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023

Respectfully submitted,

**By: */s/ Adam Moskowitz*_____**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17, 2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
   ADAM M. MOSKOWITZ

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

   *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

   *Defendants.*

             /

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO <u>DEFENDANT TOM NASH</u>

  Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Tom Nash

("Nash"), produce the documents requested in response to these seven requests.

  Dated: May 17, 2023     Respectfully submitted,

           **By:** ***/s/ Adam Moskowitz***
           Adam M. Moskowitz
           Florida Bar No. 984280
           adam@moskowitz-law.com
           Joseph M. Kaye
           Florida Bar No. 117520
           joseph@moskowitz-law.com
           **THE MOSKOWITZ LAW FIRM, PLLC**
           2 Alhambra Plaza, Suite 601
           Coral Gables, FL 33134
           Telephone: (305) 740-1423

           **By:** ***/s/Stuart Z. Grossman***
           Stuart Z. Grossman
           Florida Bar No. 156113
           Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

2

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.      "Nash," "You," or "Your" means Defendant Tom Nash and any of his affiliates, representatives, or agents.

2.      "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.      "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.      "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.      "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.      "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.      "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

3

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.     Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.     "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.     Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or preparers of such document;

        d.      the names, employment positions, and the addresses of each person who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document had been maintained;

        c.      the date of such loss or destruction;

        d.      the name of each person who ordered, authorized, and carried out

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

the destruction of any responsive document;

       e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

       f.      all efforts made to locate any responsive document alleged to have been lost.

5.      In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6.      These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7.      All documents are to be produced in the following method:

a)  Single page .TIFF

b)  Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

c)  OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

d)  Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.     All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.     All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.     All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.     All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-21023-CIV-ALTONAGA/Damian**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,**
**ANDREI JIKH, JASPREET SINGH, BRIAN**
**JUNG, JEREMY LEFEBVRE, TOM NASH,**
**BEN ARMSTRONG, ERIKA KULLBERG,**
**CREATORS AGENCY, LLC,**

    *Defendants.*

_____/

**<u>NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF</u>**

**<u>DEFENDANT ERIKA KULLBERG</u>**

    Pursuant to Federal Rule of Civil Procedure 30, Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

        **DEPONENT**:    Defendant Erika Kullberg

        **DATE**:    June 29, 2023

        **TIME**:    10:00am EST

        **LOCATION**:    Zoom (contact counsel for details)

    The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Dated: May 17, 2023                      Respectfully submitted,

**By: */s/ Adam Moskowitz*_____**
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

**By: */s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

**By: */s/ Jose Ferrer***
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17,

2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

     *Defendants.*

                      /

### PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO DEFENDANT ERIKA KULLBERG

    Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Erika Kullberg

("Kullberg"), produce the documents requested in response to these seven requests.

    Dated: May 17, 2023              Respectfully submitted,

                            **By: */s/ Adam Moskowitz***
                            Adam M. Moskowitz
                            Florida Bar No. 984280
                            adam@moskowitz-law.com
                            Joseph M. Kaye
                            Florida Bar No. 117520
                            joseph@moskowitz-law.com
                            **THE MOSKOWITZ LAW FIRM, PLLC**
                            2 Alhambra Plaza, Suite 601
                            Coral Gables, FL 33134
                            Telephone: (305) 740-1423

                            **By: */s/Stuart Z. Grossman***
                            Stuart Z. Grossman
                            Florida Bar No. 156113
                            Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

2

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1.       "Kullberg," "You," or "Your" means Defendant Erika Kullberg and any of her affiliates, representatives, or agents.

2.       "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.       "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.       "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.       "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.       "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.       "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

9.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

10.     All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

11.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

12.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.      Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

addresses provided in the signature blocks of the attorneys serving these requests.

2.      These requests shall include all documents that are in the possession, custody or control of Defendant or in the possession, custody or control of the present or former agents, representatives, or attorneys of Defendant, or any and all persons acting on the behalf of Defendant, or its present or former agents, representatives, or attorneys.

3.      For any document covered by a request that is withheld from production, Defendant shall provide the following information in the form of a privilege log:

        a.      the reasons and facts supporting any withholding;

        b.      the date such document was prepared;

        c.      the names, employment positions and addresses of the author or preparers of such document;

        d.      the names, employment positions, and the addresses of each person who received such document;

        e.      the title and a brief description of the document; and

        f.      the number of the request under which such document would be produced but for the objection.

4.      If any document responsive to a request has been destroyed, produce all documents describing or referencing:

        a.      the contents of the lost or destroyed document;

        b.      all locations in which any copy of the lost or destroyed document had been maintained;

        c.      the date of such loss or destruction;

        d.      the name of each person who ordered, authorized, and carried out

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

the destruction of any responsive document;

 e. all document retention and destruction policies in effect at the time any requested document was destroyed; and

 f. all efforts made to locate any responsive document alleged to have been lost.

5. In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6. These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7. All documents are to be produced in the following method:

 a) Single page .TIFF

 b) Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

 c) OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

 d) Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## <u>SEVEN REQUESTS FOR PRODUCTION</u>

***Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.***

1.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-21023-CIV-ALTONAGA/Damian**

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

     *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN,**
**ANDREI JIKH, JASPREET SINGH, BRIAN**
**JUNG, JEREMY LEFEBVRE, TOM NASH,**
**BEN ARMSTRONG, ERIKA KULLBERG,**
**CREATORS AGENCY, LLC,**

     *Defendants.*

_____/

**NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF DEFENDANT**
**CREATORS AGENCY, LLC'S RULE 30(b)(6) REPRESENTATIVE(S)**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff's counsel will take the

deposition of the below-named person/entity on the date, time, and at the location indicated.

     **DEPONENT**:     Defendant Creators Agency, LLC, (the "Creators"), by and
through Creators' corporate representative(s) with
knowledge of the eight topics listed in **Exhibit A,** pursuant
to Federal Rule of Civil Procedure 30(b)(6).

     **DATE**:     June 30, 2023

     **TIME**:     10:00am EST

     **LOCATION**:     Zoom (contact counsel for details)

The aforesaid deposition will be before a court reporter, an officer authorized by law to

administer oaths and take depositions in the State of Florida.  The deposition is being taken for the

purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the

Federal and Local Rules of Civil Procedure.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Creators Agency, LLC

(the "Creators") shall both designate one or more officers, directors, managing agents, or other

persons to testify on its behalf on each topic listed on **Exhibit A** attached hereto.

Dated: May 17, 2023                     Respectfully submitted,

By: ***/s/ Adam Moskowitz***
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: ***/s/Stuart Z. Grossman***
Stuart Z. Grossman
Florida Bar No. 156113
Manuel A. Arteaga-Gomez
Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: ***/s/ Stephen Neal Zack***
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

**By: /s/ Jose Ferrer**
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed on May 17, 2023, via Court's CM/ECF system, which will send notification to all attorneys of record.

By: /s/ Adam M. Moskowitz
ADAM M. MOSKOWITZ

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## EXHIBIT A

## I. <u>DEFINITIONS AND INSTRUCTIONS</u>

Unless otherwise specified, the terms set forth below have the following meanings:

1. "CA," "You," or "Your" means Defendant Creators Agency LLC and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2. "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3. "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4. "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5. "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6. "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7. "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets,

magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

8.      "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

9.      All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10.     Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

11.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

12.     Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## II. <u>EIGHT DEPOSITION SUBJECTS</u>

Pursuant to Rule 30(b)(6), CA shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matters:

1.      All Documents and responses provided in response to Plaintiffs' request for production, dated and served on May 18, 2023.

2.      All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

3.      All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

4.      All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

5.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

6.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

7.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

8.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

*v.*

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

    *Defendants.*

_____/

## PLAINTIFF'S FIRST SET OF SEVEN REQUESTS FOR PRODUCTION TO <u>DEFENDANT CREATORS AGENCY LLC</u>

Plaintiff, pursuant to Fed. R. Civ. P. 26 and 34, requests that Defendant, Creators Agency

LLC ("CA"), produce the documents requested in response to these seven requests.

Dated: May 17, 2023                Respectfully submitted,

                                 **By: */s/ Adam Moskowitz*_____**
                                 Adam M. Moskowitz
                                 Florida Bar No. 984280
                                 adam@moskowitz-law.com
                                 Joseph M. Kaye
                                 Florida Bar No. 117520
                                 joseph@moskowitz-law.com
                                 **THE MOSKOWITZ LAW FIRM, PLLC**
                                 2 Alhambra Plaza, Suite 601
                                 Coral Gables, FL 33134
                                 Telephone: (305) 740-1423

                                 **By: */s/Stuart Z. Grossman***
                                 Stuart Z. Grossman
                                 Florida Bar No. 156113
                                 Manuel A. Arteaga-Gomez

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

Florida Bar No. 18122
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, FL 33134
Ph: 305-442-8666
Fx: 305-285-1668
szg@grossmanroth.com
aag@grossmanroth.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 17, 2023, a true and correct copy of the foregoing was

sent via electronic mail to counsel for Defendants.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ

2

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
CASE NO. 23-21023-CIV-ALTONAGA/Damian

## DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1.  "CA," "You," or "Your" means Defendant Creators Agency LLC and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2.  "Co-Defendants" means any of the other Defendants sued in this Action, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

3.  "FTX Entities" means West Realm Shires Services, Inc., FTX Trading Ltd, Blockfolio, Inc., Alameda Research, LLC, and any of their affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

4.  "FTX Platform" refers to the FTX Entities' mobile application and/or web-based cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

5.  "YBAs" refers to the Yield-Bearing Accounts offered by the FTX Entities on the FTX Platform.

6.  "FTT" refers to the native cryptocurrency exchange token of the FTX Platform ecosystem.

7.  "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes,

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

      8.    Unless otherwise stated in a request, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

      9.    "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

      10.    All/Each – The terms "all" and "each" shall be construed as meaning either all or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

      11.    Objections: Where an objection is made to any request, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or by the Court's order, or any extensions thereof, shall be waived.

      12.    Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

## **INSTRUCTIONS**

1.    Production of documents and items requested herein shall be made at the offices of The Moskowitz Law Firm, P.O. Box 141609, Coral Gables, FL 33114, or for hand deliveries

at 251 Valencia Ave #141609, Coral Gables, FL 33114, or via electronic mail to the email

addresses provided in the signature blocks of the attorneys serving these requests.

2.    These requests shall include all documents that are in the possession, custody or control of

Defendant or in the possession, custody or control of the present or former agents,

representatives, or attorneys of Defendant, or any and all persons acting on the behalf of

Defendant, or its present or former agents, representatives, or attorneys.

3.    For any document covered by a request that is withheld from production, Defendant shall

provide the following information in the form of a privilege log:

      a.    the reasons and facts supporting any withholding;

      b.    the date such document was prepared;

      c.    the names, employment positions and addresses of the author or

          preparers of such document;

      d.    the names, employment positions, and the addresses of each person

          who received such document;

      e.    the title and a brief description of the document; and

      f.    the number of the request under which such document would be

          produced but for the objection.

4.    If any document responsive to a request has been destroyed, produce all documents

describing or referencing:

      a.    the contents of the lost or destroyed document;

      b.    all locations in which any copy of the lost or destroyed document

          had been maintained;

      c.    the date of such loss or destruction;

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

    d.      the name of each person who ordered, authorized, and carried out the destruction of any responsive document;

    e.      all document retention and destruction policies in effect at the time any requested document was destroyed; and

    f.      all efforts made to locate any responsive document alleged to have been lost.

5. In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

6. These requests should be deemed continuing, and supplemental productions should be provided as additional documents become available.

7. All documents are to be produced in the following method:

    a) Single page .TIFF

    b) Color .jpg (Documents wherein reflection of importance relies on color, shall be produced in .jpg format)

    c) OCR at document level (All documents are to be provided with searchable text files with the exception of the redacted portions of redacted documents)

    d) Electronic documents and Emails are to be processed and converted from the electronic format to single page tiff

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

## **SEVEN REQUESTS FOR PRODUCTION**

**Please refer to the Definitions and Instructions when responding to these requests. To the extent that any of these requests seek information considered by Defendants to be confidential, Plaintiffs agree to enter into any reasonable confidentiality agreement with Defendants to protect such alleged confidential information.**

1.    All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

2.    All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

3.    All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

4.    All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities'

---

[1] Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

*Edwin Garrison, et al. v. Kevin Paffrath, et al.*
*CASE NO. 23-21023-CIV-ALTONAGA/Damian*

affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

5.    All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

6.    All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

7.    All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.