UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.*,

    Plaintiffs,

v.

**KEVIN PAFFRATH**, *et al.*,

    Defendants.

_____/

**ORDER**

**THIS CAUSE** came before the Court upon the parties' Joint Report [ECF No. 93] in response to the Court's May 16, 2023 Order [ECF No. 88]. The parties state that they have conferred but have different proposals as to how the Court should proceed on issues of jurisdictional discovery and service. (*See* Joint Report 1).

With respect to jurisdictional discovery, Plaintiffs have already served Defendants with "7 very narrow requests for production . . . and notices for one brief Zoom deposition of each Defendant[,]" which Plaintiffs believe should not create "any unreasonable burdens for any party." (*Id.* 3 (alterations added)). Defendants oppose any jurisdictional discovery, arguing that Plaintiffs have "failed to make a prima facie case for personal jurisdiction over any Defendant." (*Id.* 5). If the Court permits jurisdictional discovery, Defendants propose a schedule lasting approximately two months. (*See id.* 5–6).

Three of the parties previously contesting the sufficiency of service have agreed to accept service of process through waiver. (*See id.* 7). The parties have not reached agreement on the issue of service with respect to Defendant Erika Kullberg, who maintains that service was improper. (*See id.* 7). Plaintiffs request that to the extent Kullberg refuses to authorize her counsel

CASE NO. 23-21023-CIV-ALTONAGA/Damian

to accept service on her behalf, that the Court authorize Plaintiffs to serve her through email to her counsel. (*See id.* 2–3 (noting that Defendant Kullberg's "whereabouts are unknown but may be currently outside of the United States" (footnote call number omitted)).

The Court finds that jurisdictional discovery is appropriate; additional jurisdictional facts need not be alleged in Plaintiffs' pleading. Being fully advised, it is

**ORDERED** as follows:

1. Erika Kullberg has until **May 30, 2023** to file a motion challenging the sufficiency of service.

2. The parties have until **May 22, 2023** to serve written jurisdictional discovery requests.

3. Objections to written jurisdictional discovery requests — following proper conferral with opposing counsel — must be exchanged by **May 29, 2023**. Should any objections be served and not resolved by conferral, the moving party or parties shall contact Magistrate Judge Melissa Damian by **June 1, 2023** to arrange a date and time for a discovery hearing.

4. The parties shall complete document production related to personal jurisdiction and answers to interrogatories in response to jurisdictional discovery requests by **June 12, 2023**.

5. Defendants and Plaintiffs shall complete any depositions related to jurisdictional discovery by **June 23, 2023**.

6. Plaintiffs have until **June 30, 2023** to file an amended complaint or a notice advising they intend to proceed with the Complaint [ECF No. 1].

CASE NO. 23-21023-CIV-ALTONAGA/Damian

7. Defendants have until **July 18, 2023** to file a combined motion to dismiss for lack of personal jurisdiction and/or to transfer venue, or a notice that they are withdrawing their challenge to personal jurisdiction and/or venue. **No extensions of time will be given for response and reply memoranda.**

8. No answers to the Complaint or motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) shall be filed until after Defendants either file a motion to dismiss for lack of personal jurisdiction and/or to transfer venue or notice that they are withdrawing their challenge to personal jurisdiction and/or venue.

**DONE AND ORDERED** in Miami, Florida, this 19th day of May, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record