UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

      Defendants.
_____/

### JOINT MOTION FOR BRIEF STAY PENDING APPROVAL OF SETTLEMENT AGREEMENT AND NOTICE OF <u>SETTLEMENT</u>

Plaintiffs and Defendant, Kevin Paffrath (collectively, the "Settling Parties"), are proud to announce they have executed a Term Sheet which provides for a full Settlement of the claims against Defendant Paffrath this class action matter. To save the Court and the Settling Parties time and resources, the Settling Parties jointly request a stay of approximately 30 days (in accordance with the proposed timetable below) of the litigation between the Settling Parties, so the Settling Parties can devote their time and resources to drafting and finalizing the Class Action Settlement Agreement and preparing the Motion for Preliminary Approval of the Class Action Settlement Agreement. The Settling Parties will expeditiously seek preliminary approval of the Class Action Settlement Agreement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. In support of the requested stay and proposed time schedule, the Parties state the following:

1.      On May 23, 2023, Plaintiff and Defendant, Kevin Paffrath reached an arms-length agreement in principle to resolve all claims against Defendant, in this proceeding.

2. The Settling Parties are now in the process during the next 30 days of drafting a detailed Class Action Settlement Agreement that settles all issues in this action, and dismissal of all claims against Defendant Paffrath with prejudice. The Plaintiffs are also drafting a Motion for Preliminary Approval of the proposed Settlement.

3. After execution of the Settlement Agreement, the Plaintiffs will present it to the Court and seek preliminary approval of the class action settlement, including the plan of notice to the settlement class, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. It is well settled that this Court has the authority to stay proceedings to manage its docket, based upon the circumstances of a particular case, especially where the parties have reached a settlement of the matter. *See, e.g., Landis v. North Am. Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936); *Republic of Venezuela v. Philip Morris Cos., Inc.*, No. 99-0586-Civ, 1999 WL 33911677, at *1 (S.D. Fla. Apr. 28, 1999). A class-wide settlement, if approved, will resolve all claims and issues in this action.

5. A very brief stay of approximately 30 days will also conserve the Settling Parties' and the Court's resources, and will allow the Settling Parties to focus on settlement details and drafting preliminary approval briefs, rather than spending their efforts on class certification, discovery disputes, and any further dispositive motions or motion *in limine* that, if settlement is approved, will turn out to be unnecessary.

6. The Settling Parties respectfully request that the Court briefly stay the case according to the proposed schedule below:

    a. Class Action Settlement Agreement shall be executed on or before June 7, 2023;

    b. Motion for Preliminary Approval of the Class Action Settlement Agreement shall be filed by June 23, 2023; and

    c.    If the Motion for Preliminary Approval is granted, the Court shall set a date and time for the Final Approval Hearing at the Court's discretion.

**WHEREFORE**, the Settling Parties respectfully request the Court enter the attached Order staying all claims pending the execution and approval of a class-wide Settlement Agreement and that sets specific timelines for the Settling Parties to seek preliminary approval of the Settlement.

DATED:  May 23, 2023.                                   Respectfully submitted,

| | |
|---|---|
| **THE MOSKOWITZ LAW FIRM, PLLC**<br>2 Alhambra Plaza<br>Suite 601<br>Coral Gables, FL 33134<br>Telephone: (305) 740-1423<br><br>By: */s/ Adam Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>adam@moskowitz-law.com<br>Howard M. Bushman<br>Florida Bar No. 0364230<br>howard@moskowitz-law.com<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>joseph@moskowitz-law.com<br><br>*Co-Counsel for Plaintiff and the Class* | **MARK MIGDAL & HAYDEN**<br>80 S.W. 8th Street, Suite 1999<br>Miami, Florida 33130<br>Telephone: (305) 374-0440<br><br>By: */s/ Jose M. Ferrer*<br>Jose M. Ferrer<br>Florida Bar No. 173746<br>Michelle Genet Bernstein<br>Florida Bar No. 1030736<br>jose@markmigdal.com<br>michelle@markmigdal.com<br>eservice@markmigdal.com<br><br>*Co-Counsel for Plaintiff and the Class* |
| **BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Phone: (914) 749–8200<br>dboies@bsfllp.com<br><br>By: */s/ David Boies*<br>David Boies<br>(*Pro Hac Vice*)<br>Alex Boies<br>(*Pro Hac Vice*)<br><br>*Co-Counsel for Plaintiff and the Class* | **BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd St., Suite 2800<br>Miami, FL 33131<br>Office: 305-539-8400<br><br>By: */s/ Stephen Neal Zack*<br>Stephen Neal Zack<br>Florida Bar No. 145215<br>szack@bsfllp.com |

**FOX ROTHSCHILD, LLP**

One Biscayne Tower
2 South Biscayne Blvd., Suite 2750
Miami, Florida 33131
Telephone: 305-442-6540
Facsimile: 305-442-6541

By: *s/Adam J. Lamb*
**JOSEPH A. DEMARIA, B.C.S.**
Florida Bar No. 764711
JDeMaria@FoxRothschild.com
**ADAM J. LAMB**
Florida Bar No. 899046
alamb@FoxRothschild.com
jpoli@foxrothschild.com

*Attorneys for Defendant Kevin Paffrath*

# CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on May 23, 2023, which served same electronically upon all counsel of record.

                                                             s/ *Jose M. Ferrer*
                                                             Jose M. Ferrer