**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

EDWIN GARRISON, *et al.*,                                    CASE NO. 1:23-cv-21023-CMA/Damian

        Plaintiffs,

v.

KEVIN PAFFRATH, *et al.*,

        Defendants.

                                            /

**SPECIALLY APPEARING DEFENDANT ERIKA KULLBERG'S MOTION TO**
**DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES..................................................................................................ii

I.      Preliminary Statement.......................................................................................... 1

II.     Facts Pertaining to Service of Process ................................................................ 2

III.    Argument ............................................................................................................. 2

          a.       Legal Standard ......................................................................................... 2

          b.       Plaintiffs' Supposed Service on Ms. Kullberg Fails to Satisfy the
                  Requirements for Valid Service .............................................................. 3

IV.    Conclusion .......................................................................................................... 6

CERTIFICATE OF SERVICE ............................................................................................ 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Doe v. Alsaud*,
  12 F. Supp. 3d 684 (S.D.N.Y. 2014)..................................................................................6

*FDIC v. O'Connor*,
  No. 94 Civ. 4218, 2008 WL 2557426 (S.D.N.Y. June 26, 2008).............................................6

*Grosheim v. Greenpoint Mortg. Funding, Inc.*,
  819 So. 2d 906 (Fla. Dist. Ct. App. 2002) ...................................................................4

*Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*,
  553 F.3d 1531 (11th Cir. 2008) ...................................................................................2

*Hollis v. Cunningham*,
  No. 07-23112, 2008 WL 11417652 (S.D. Fla. Feb. 6, 2008) (Altonaga, J.) .........................4, 5

*Intelsat Corp. v. Multivision TV LLC*,
  736 F. Supp. 2d 1334 (S.D. Fla. 2010) (Altonaga, J.) ..............................................3

*State ex rel. Merritt v. Heffernan*,
  195 So. 145 (Fla. 1940)..................................................................................................5

*Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*,
  484 U.S. 97 (1987).........................................................................................................2

*Reeves v. Wilbanks*,
  542 Fed. App'x 742 (11th Cir. 2013) ...........................................................................3

*Schupak v. Sutton Hill Assocs.*,
  710 So. 2d 707 (Fla. Dist. Ct. App. 1998) ...................................................................4

*Shurman v. Atl. Mortg. & Inv. Corp.*,
  795 So. 2d 952 (Fla. 2001)...........................................................................................5

*Supreme Fuels Trading FZE v. Sargeant*,
  No. 08-81215-CIV, 2009 WL 5128504 (S.D. Fla. Dec. 18, 2009)...........................................4

**Statutes**

Fla. Stat. § 48.03 ...............................................................................................................4

Fla. Stat. § 48.031 .............................................................................................................5

**Rules**

CPLR § 308.................................................................................................................5

Fed. R. Civ. P. 4.......................................................................................................3, 4

Fed. R. Civ. P. 12.........................................................................................................1

Federal Rule of Civil Procedure 12(b)(5) ...............................................................1, 6

Pursuant to Rule 12(b)(5) and in accordance with this Court's Order dated May 19, 2023 [ECF No. 96], specially appearing Defendant Erika Kullberg ("Ms. Kullberg") moves to dismiss the complaint due to insufficiency of service of process by Plaintiffs and states:

## I.      Preliminary Statement

The Complaint should be dismissed because Ms. Kullberg was not served at an address where she resides or has ever resided.  Following FTX's[1] filing for bankruptcy, Plaintiffs brought suit against ten defendants, described in the Complaint as "Influencers" who supposedly promoted, assisted in, and/or actively participated in the offer and sale of allegedly unregistered securities by FTX.  ECF No. 1 at p.1.  However, Ms. Kullberg is not alleged to be an "Influencer," nor an employee, officer or director of FTX.  Ms. Kullberg's name is only mentioned <u>once</u> in the entire 73-page, 213-paragraph Complaint.  Ms. Kullberg is described "upon information and belief" as a "founder" of a talent management firm.  Compl. ¶ 30 ("Parties" section).  The Complaint fails to even allege of what State, if any, Ms. Kullberg is a citizen and resident, as it does for all other defendants.  *Id.*

While the Complaint is devoid of any factual allegations about Ms. Kullberg, as a threshold matter, Ms. Kullberg has not been properly served with this Complaint and, therefore, the Court lacks jurisdiction over Ms. Kullberg.  Indeed, Plaintiffs served the Summons and Complaint at an address where Ms. Kullberg does not reside, and never has resided.  Therefore, this Court should dismiss the Complaint as to Erika Kullberg for, *inter alia*, insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

---

[1] "FTX" includes the entities identified in the Complaint, FTX Trading LTD d/b/a FTX and West Realm Shires Services Inc. d/b/a FTX US.

## II.      Facts Pertaining to Service of Process

Plaintiffs filed a Return of Process [ECF No. 25] detailing that, on April 6, 2023, the process server had made substitute service by serving "Jerry Doe," identified as a doorman who refused to give his last name, at the address 40 Waterside Plz, Apt. 11D, New York, New York 10010.  According to the "Comments" on the Return of Service, the "doorman called recipient and was told to accept the documents" and the "doorman refused to let me up." *Id.*

In fact, the resident at that apartment, Arzu Malik, confirms that Ms. Kullberg does not live there and never has.  Declaration of Arzu Malik ("Malik Decl."), ¶¶ 3,4, attached hereto as Exhibit A.  Nor does Ms. Kullberg own or lease the apartment identified on the Return of Service.  *Id.* at ¶ 5.  Furthermore, Ms. Malik is not, and never was, authorized by Ms. Kullberg to accept legal papers on her behalf.  *Id*. at ¶ 12.  Ms. Malik confirms that she never received a call from the doorman and that no doorman named Jerry works in the building.  *Id*. at ¶¶ 7, 9.  Further, contrasting the Return of Service, Ms. Malik states that someone aggressively banged on the door to her apartment and, after she did not answer the door, left papers taped to the front door of her apartment.  *Id.* at ¶¶ 10, 11.  Ms. Malik's declaration demonstrates that the address where process was served is not, and never has been Ms. Kullberg place of abode.  Based on the facts and the law, Plaintiffs' service of process of Ms. Kullberg was insufficient and invalid.

## III.      Argument

### a.      Legal Standard

As a threshold issue, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd*., 484 U.S. 97, 104 (1987); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1531, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that

2

defendant has not been served."); *Intelsat Corp. v. Multivision TV LLC*, 736 F. Supp. 2d 1334, 1341 (S.D. Fla. 2010) (Altonaga, J.) (declining to issue a preliminary injunction against a defendant in Spain who had not been properly served).  "When a defendant challenges service of process, the burden is on the plaintiff to establish its validity." *Reeves v. Wilbanks*, 542 Fed. App'x 742, 746 (11th Cir. 2013).

Rule 4(e) of the Federal Rules of Civil Procedure governs serving an individual within a jurisdictional district of the United States.  Rule 4(e)(1) allows service by following the state law of the state where the district court is located (here, Florida) or where service is made (here, New York).  Rule 4(e)(2) permits service of the summons and complaint on an individual in the United States by (1) "delivering a copy of the summons and complaint to the individual personally," (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2)(A)-(C).  None of these options for valid service of process has been satisfied.

**b.      Plaintiffs' Supposed Service on Ms. Kullberg Fails to Satisfy the Requirements for Valid Service**

The Return of Service filed by Plaintiffs (ECF No. 25) demonstrates that service of Ms. Kullberg was not valid.  The Return of Service states that the process server supposedly completed substitute service on April 6, 2023 at 7:40pm by serving "Jerry Doe," a doorman who refused to give his last name.  *Id.*  The doorman purportedly "called recipient and was told to accept the documents." *Id.*  Further, the Return of Service states that the doorman "refused to let me up." *Id.* In light of Ms. Malik's declaration, the Return of Service confirms lack of compliance with Rule 4(e)(2) because (1) Ms. Kullberg was not served personally, (2) the Summons and Complaint was not left at Ms. Kullberg's dwelling or usual place of abode, Malik Decl. ¶ 4, and (3) the Summons

3

and Complaint was not left with an authorized agent, Malik Decl. ¶ 12. *See Supreme Fuels Trading*

*FZE v. Sargeant*, No. 08-81215-CIV, 2009 WL 5128504, at *3 (S.D. Fla. Dec. 18, 2009) (finding,

in light of a declaration that defendant never lived at the condominium where process was served,

the condominium was not defendant's usual place of abode and service of process was not properly

effected there under Fed. R. Civ. P. 4(e)(2)(B)).

Nor did the service of process comply with Florida law, where this district court sits, or

New York, where process was allegedly served. Where an action is filed in the Southern District

of Florida, pursuant to Federal Rule of Civil Procedure 4(e)(1), service of process may be effected

in accordance with Florida law. *Hollis v. Cunningham*, No. 07-23112, 2008 WL 11417652, at *1

(S.D. Fla. Feb. 6, 2008) (Altonaga, J.). Strict compliance with the service of process procedures

set forth in the statute is required. *Id.*

Under Florida law, "leaving process with an apartment doorman in the apartment lobby is

insufficient service." *Schupak v. Sutton Hill Assocs.*, 710 So. 2d 707, 709 (Fla. Dist. Ct. App.

1998). In *Schupak*, it was undisputed that the appellant was not personally served with the

summons and complaint and that the summons and complaint was not left at the appellant's usual

place of abode with any person residing there who was 15 years of age or older, as required under

Florida Statute § 48.03. *Id.* at 708. Rather, the process server asked the doorman at appellant's

apartment building to call the appellant's resident. *Id*. at 707. The doorman spoke with the maid

who did not live in the apartment and the maid told the doorman he was not permitted to come up

to the apartment. *Id*. The process server then left the summons and complaint with the doorman.

*Id.* In *Schupak*, the Florida court found that the appellee failed to carry the burden of showing

validity of service. *Id.; see also Grosheim v. Greenpoint Mortg. Funding, Inc.*, 819 So. 2d 906,

4

908 (Fla. Dist. Ct. App. 2002) (service of process was improper and ineffective when served on tenant at an address where defendant had not lived in 2 years).

Nor is leaving process at the door sufficient service where there is no evidence that someone inside the house is eligible to accept service under Fla. Stat. § 48.031(1). *Hollis*, 2008 WL 11417652, at *1. In *Hollis*, the process server completed an affidavit stating that he "dropped" the Summons and Complaint at the defendant's "usual place of abode" and believed someone residing therein who was 15 years or older was present. *Id*. By amended affidavit, the process server stated that he heard someone walking toward the front door and defendant's vehicle was parked nearby. *Id*. Because the affidavits did not state that the process server had personal knowledge of the identity of the person walking or that this person was competent to receive service as required under statute, the Court found that leaving process at the door was insufficient and the plaintiff had failed to show effective service on the defendant. *Id*. at *1-2.

Furthermore, under Fla. Stat. § 48.031, substitute service must be at the defendant's "usual place of abode." *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001). In*,* the Florida Supreme Court defined the term "usual place of abode" as meaning "the place where the defendant is actually living at the time of service." *Id*. (quoting *State ex rel. Merritt v. Heffernan,* 195 So. 145, 147 (Fla. 1940)). Because of this, "courts have frequently invalidated substituted service of process in cases where the defendant was not actually living at the place where service was made." *Id*. Ms. Kullberg was not living at the apartment at the address where the process was served. Malik Decl. ¶¶ 3-4. Therefore, service did not comply with Florida law.

Under New York Civil Practice Law and Rules § 308(2), personal service may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing

5

the summons to the person to be served at his last known address…." Here, Ms. Malik confirmed that Ms. Kullberg does not live, and never has lived, at 40 Waterside Plaza, Apartment 11D, New York, New York 10010. Malik Decl. ¶¶ 3-4. Ms. Malik also confirmed that Ms. Kullberg did not, and never has, leased or owned the apartment. *Id*. at ¶5. While New York contemplates service of a Summons and Complaint by leaving it with the doorman if the doorman denies access to the apartment, it must be left <u>at the defendant's residence or dwelling</u>. *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014).

Where the Plaintiffs do not provide any evidence beyond conclusory allegations that a location is a defendant's residence or dwelling, those conclusory statements are not sufficient to "carry the burden that service was adequate." *Id*. at 687-688; *see also FDIC v. O'Connor*, No. 94 Civ. 4218, 2008 WL 2557426, at *2 (S.D.N.Y. June 26, 2008) (service not considered proper where conclusory statements printed in the affidavit as to the dwelling place of the person served were refuted by the weight of the evidence submitted by the defendant to the contrary). Plaintiffs have not even alleged where Ms. Kullberg resides, let alone shown that the address on the Return of Service is Ms. Kullberg's residence. By contrast, Ms. Malik has confirmed through her declaration that this address is affirmatively not Ms. Kullberg's residence. Therefore, Plaintiffs did not satisfy the requirements of New York law as they failed to serve at "the actual place of business, dwelling place or usual place of abode."

## IV.     Conclusion

For the foregoing reasons, Ms. Kullberg respectfully requests that the Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for lack of jurisdiction based on insufficient service of process.

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.

By: /s/ Jose G. Sepulveda
      JOSE G. SEPULVEDA, FL Bar No. 154490
      jsepulveda@stearnsweaver.com
      mfigueras@stearnsweaver.com
      150 W. Flagler Street, Suite 2000
      Miami, Florida 33130
      Telephone:  305-789-3200

      and

      POTOMAC LAW GROUP, PLLC
      Derek Adams, Esq., *Pro Hac Vice*
      dadams@potomaclaw.com
      1300 Pennsylvania Avenue, NW, Suite 700
      Washington, D.C. 20004
      Telephone: 202-204-3005

      *Counsel for Erika Kullberg*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 30, 2023 undersigned counsel filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served on all counsel of record and parties registered via transmission of Notices of Electronic Filing generated by CM/ECF.

      /s/ Jose G. Sepulveda
      JOSE G. SEPULVEDA

7