UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-21023-CIV-ALTONAGA/Damian

**EDWIN GARRISON**, *et al.,* on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

**KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH, JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE, TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG, CREATORS AGENCY, LLC,**

    Defendants.

_____/

**PLAINTIFFS' MEMORANDUM IN ADVANCE OF JUNE 6, 2023 DISCOVERY HEARING[1]**

---

[1] Plaintiffs respectfully submit that the issues raised for this Discovery Hearing are likely moot given (1) the Order the United States Judicial Panel on Multidistrict Litigation entered today transferring and consolidating all related FTX actions to this Court before Judge K. Michael Moore and (2) the Notice of Tag-Along Action filed in that FTX MDL identifying this action as a related tag-along action. *See* ECF No. 116. Because Defendants Stephan, Jikh, and Lefebvre disagree, however, Plaintiffs file this brief in an abundance of caution and will appear at the Zoom Discovery Hearing tomorrow at 4:00pm EST, unless the Court cancels the hearing before then.

Plaintiffs, pursuant to the Court's Order Setting Zoom Discovery Hearing on June 6, 2023, at 4:00pm, [ECF No. 115], provide this brief Memorandum on Defendants' two Overarching Objections to Plaintiffs' 7 Requests for Production and Notices of Taking Deposition. *See* Requests, **Composite Exhibit A** and Objections, **Composite Exhibit B**. The two Overarching Objections are (1) the substance of discovery must be limited to solely "jurisdictional" discovery, claiming the Court superseded its Scheduling Order, [ECF No. 62], and without explaining how Plaintiffs' requests do not relate to "jurisdictional" issues, and (2) the substance of discovery must be limited to YBAs, despite the fact that the subject matter of this action involves the FTX Platform, YBAs, and FTT, and the scope of discovery is not as narrow as Defendants' contend.

Defendants Creators Agency LLC, Kullberg, Jung, Singh, Armstrong, Stephan, Lefebvre, and Jikh raised these objections as to Plaintiffs' 7 Requests for Production. Defendants Creators Agency LLC, Kullberg, and Jung raised these objections as to Plaintiffs' deposition notices.

Plaintiffs respectfully request the Court overrule these objections and order Defendants to respond to the requests and sit for deposition.

**1. The Substance of Discovery is Not Restricted to "Jurisdictional" Discovery.**

To begin with, "a district court has wide discretion to determine the scope of [jurisdictional] discovery, [and] a plaintiff must have ample opportunity to present evidence bearing on the existence of jurisdiction." *Stonington Ins. Co. v. Motiva Enterprises, LLC*, 09-21412-CIV, 2009 WL 4728009, at *1 (S.D. Fla. Dec. 3, 2009) (citing *Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1243 (11th Cir. 1991); *In re CP Ships Ltd. Sec. Litig.,* 578 F.3d 1306, 1312 (11th Cir. 2009)).

First, the discovery Plaintiffs served relate to jurisdictional issues, for example the Defendants' dealings (directly or indirectly) with the FTX Entities, which had their domestic base of operations in Florida. *See Garrison v. Bankman-Fried*, No. 1:22-cv-23753-KMM, ECF No. 205-1 (S.D. Fla. May 15, 2023) (Declaration of Daniel Friedberg, former FTX Chief Compliance

1

Officer and Chief Regulatory Officer, explaining FTX VP of Business Development was based in Miami since at least early 2021 and responsible for developing FTX partnerships), *see* **Exhibit C**.

Second, the scope of Plaintiffs' pending requests is consistent with Judge Altonaga's Scheduling Order, *see* [ECF No. 62], **Exhibit D**, at f.n. 1. As Judge Bloom recently explained about this same footnote in her own scheduling order:

> The footnote was intended to provide flexibility and allow certain discovery requests that could be considered pertinent to both class certification discovery and merits discovery to take place in the class certification discovery period. In other words, the bifurcation is not strict, and Magistrate Judge Valle appropriately compelled Defendants' compliance with Plaintiffs' discovery requests, to the extent that any discovery request could also be considered merits discovery requests.

*Wright v. Greensky Mgmt. Co., LLC*, 20-CV-62441, 2022 WL 1908826, at *7 (S.D. Fla. June 3, 2022) (Bloom, J.). As this Court did not withdraw its Scheduling Order, *see, e.g.,* [ECF No. 101] (enforcing Scheduling Order deadline), the deadlines in ECF No. 96 for "jurisdictional discovery," like the deadline for "class certification discovery" in the Scheduling Order, do not restrict the scope of the substance of permissible discovery.

The rationale for rejecting strict bifurcation is clear; because "there is a substantial likelihood of overlap" between jurisdictional and merits discovery, "Plaintiff[s] will likely suffer prejudice in the event of bifurcation, and the interests of judicial economy favor moving discovery forward in a fulsome manner." *Ashley Allen, v. Jacksonville Univ.,* No. 3:21-CV-178-MMH-LLL, 2023 WL 3751979, at *4 (M.D. Fla. May 5, 2023).

This reasoning is also consistent with (1) Judge Altman's order denying defendants' motion to stay discovery in the related *Voyager* case, *see* **Exhibit E**, finding no good cause to stay discovery based on Defendants' identical personal jurisdiction arguments, which did "nothing to establish a specific showing of prejudice or burdensomeness," such that "Defendants have not established that a stay would be reasonable or that there is good cause for the request in this case,"

2

and (2) Magistrate Judge Reid's order denying bifurcation between jurisdiction and merits on extremely similar discovery requests, *see* **Exhibit F**.

2. **The Substance of Discovery is Not Limited to Yield-Bearing Accounts (YBAs).**

The scope of discovery and Plaintiffs' Complaint are much broader than Defendants claim. Plaintiffs allege the "YBAs" are every account FTX offered, so promoting sign-ups for the FTX Platform necessarily promoted that YBA "product," *see* Complaint, [ECF No. 1], ¶ 137. The Complaint includes substantial allegations detailing the FTX Platform and FTT, and how all transactions conducted on the FTX Platform are necessarily the unregistered securities transactions Defendants promoted and Plaintiffs sued for. *See, e.g.,* Complaint ¶¶ 2, 4, 10–11, 13–19, 41, 43–44, 63, 77, 80, 89, 125–137 (analysis that FTT is a security and was integral to FTX Ponzi, so every user of FTX Platform was engaged in unregistered securities transaction), 138–165, 169, 173, 178, 180, 196, 201–202, 210–213; *see also* Complaint Exhibit A.

## CONCLUSION

As Plaintiffs' discovery requests are related to jurisdictional issues and bear directly on Defendants' dealings with FTX and promotion of the FTX platform, inclusive of FTX's offerings through that platform, Plaintiffs' requests are within the scope of permissible discovery.

The Court should reject the "strict bifurcation" Defendants argue for, as "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *CI Int'l Fuels, LTDA. v. Helm Bank, S.A.*, No. 10-20347-CIV, 2010 WL 11597660, at *4 (S.D. Fla. Apr. 26, 2010) (Altonaga, J.) (citation omitted).

Plaintiffs respectfully request the Court overrule Defendants' two Overarching Objections and order them to respond and be deposed as already ordered in ECF No. 96.

Dated: June 5, 2023

Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
**THE MOSKOWITZ LAW FIRM, PLLC**
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Telephone: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com

By: */s/ Stephen Neal Zack*
Stephen Neal Zack
Florida Bar No. 145215
Tyler Ulrich
Florida Bar No. 94705
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com
tulrich@bsfllp.com

By: */s/ Jose Ferrer*
Jose Ferrer
Florida Bar No. 173746
Michelle Genet Bernstein
Florida Bar No. 1030736
**MARK MIGDAL HAYDEN LLP**
8 SW 8th Street, Suite 1999
Miami, FL 33130
Office: 305-374-0440
jose@markmigdal.com
michelle@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on June 5, 2023, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ