UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

EDWIN GARRISON, *et al.*,

      Plaintiffs,

v.

KEVIN PAFFRATH, *et al.*,

      Defendants.

_____/

CASE NO. 1:23-cv-21023-CMA/Damian

**DEFENDANTS' JOINT MEMORANDUM**
**REGARDING DISCOVERY ISSUES**

Pursuant to this Court's June 2, 2023 Order [D.E. 115], Defendants Creators Agency LLC, Erika Kullberg,[1] Brian Jung, Jaspreet Singh, Ben Armstrong, Graham Stephan, Jeremy Lefebvre, and Andrei Jikh[2] ("Defendants") submit this Joint Memorandum Regarding Discovery Issues. Defendants ask the Court to sustain their objections and reject Plaintiffs' efforts to expand the scope of the expedited, limited jurisdictional discovery permitted by Judge Altonaga's May 19, 2023 Order [D.E. 96] (the "May 19, 2023 Order") by seeking non-jurisdictional discovery. Defendants' position is as follows.

### I. The Court's May 19, 2023 Order Allowing Expedited Discovery Only Is Limited to Jurisdictional Discovery

In the May 19, 2023 Order, the Court found that "jurisdictional discovery is appropriate" and set expedited deadlines governing jurisdictional discovery. Specifically, the Court stated that "[t]he parties shall complete document production <u>related to personal jurisdiction</u> and answers to interrogatories <u>in response to jurisdictional discovery</u> requests by **June 12, 2023**." *Id*. (emphasis in underline added). The Court also stated that "Defendants and Plaintiffs shall complete any depositions <u>related to jurisdictional discovery</u> by **June 23, 2023**." *Id*. (emphasis in underline added). Plaintiffs were given until June 30, 2023 to file an amended complaint. *Id*. Defendants were given until July 18, 2023 to file a combined Motion to Dismiss for lack of personal jurisdiction and/or to transfer venue. *Id*. On its face, the Court's Order did not require that <u>all</u> discovery in a class action involving seven plaintiffs and ten defendants be compressed into less than one month, prior to the Court having an opportunity to consider Defendants'

---

[1] Defendant Erika Kullberg has a pending Motion to Dismiss for insufficient service of process [D.E. 108] and does not waive, but specifically preserves, her defenses under Fed. R. Civ. P. 12(b)(5) by joining in this Joint Memorandum.
[2] This Court has granted a Motion to Stay Discovery as to Defendant Kevin Paffrath [D.E. 112] and Defendant Tom Nash has not raised the objections addressed in this Joint Memorandum.

Motions to Dismiss for lack of personal jurisdiction. There is no basis to ignore the clear language of the Court's Order and allow non-jurisdictional discovery on an expedited basis.[3]

## II. Plaintiffs' Discovery Is Not Limited to Issues Related to Personal Jurisdiction

On May 17, 2023, prior to the Court's Order granting limited jurisdictional discovery, Plaintiffs served their First Set of Seven Requests for Production on each Defendant that contained the same seven requests for production of documents. Each of the Requests for Production are identical as to each of the Defendants. As an example, Defendants attach the Request for Production Issued to Defendant Armstrong as Exhibit A hereto. Plaintiffs also served deposition notices on the individual Defendants and a Rule 30(b)(6) deposition notice on Creators Agency LLC. The Rule 30(b)(6) deposition notice identified deposition subjects that mirrored the document requests, with the inclusion of an additional topic specifically covering documents and responses to the Seven Requests for Production. A Copy of the Notice of Deposition issued to Creators Agency LLC is attached hereto as Exhibit B. Following entry of the Court's Order, Plaintiffs did not serve revised jurisdictional discovery but rather informed Defendants that they would rely on their original requests that had been previously served. In response, as directed by this Court, Defendants served written objections to Plaintiffs' discovery on May 29, 2023, after a lengthy meet and confer on May 26, 2023. Defendants' objections are attached hereto as composite Exhibit "C." Individual Defendants Jung and Kullberg objected to the notices of deposition to the extent Plaintiffs' counsel do not intend to limit the scope of the deposition to jurisdictional discovery. Defendant Creators Agency LLC also submitted objections to each deposition subject identified in the Rule 30(b)(6) deposition notice. The objections to the

---

[3] The parties currently have until July 28, 2023 to complete class certification discovery and until February 19, 2024 to complete merits discovery.

2

Deposition Notices are attached hereto as Composite Exhibit "D." The other Defendants also objected to the scope of the depositions at the meet and confer.

Plaintiffs cannot argue that the Requests for Production are limited to jurisdictional discovery and have indicated they will not limit the scope of the depositions to jurisdictional discovery as required by the Court's May 19, 2023 Order. Nor have Plaintiffs provided a valid basis to expand Judge Altonaga's Order granting limited jurisdictional discovery. Plaintiffs have only offered that other Judges in other cases have not bifurcated jurisdictional discovery. However, here the Court specifically entered its Order only allowing jurisdictional discovery on an expedited basis.

As acknowledged by Plaintiffs and as demonstrated by the Seven Requests for Production and the deposition subjects in the deposition notice to Creators Agency LLC that mirror those Seven Requests for Production, Plaintiffs seek documents and intend to question Defendants about matters beyond personal jurisdictional despite the Court's May 19, 2023 Order. *See* Exhibit A Req. 1, 2, 4, 5, 6 and 7; Exhibit D. The requests and deposition subjects are overbroad and not restricted to documents and information related to, referring to, or connected to the State of Florida. *See Contour Prods., Inc. v. Albecker*, No. 08-60575, 2009 WL 10667528, at * (S.D. Fla. Feb. 27, 2009) (granting defendant's motion for protective order precluding plaintiff from "seeking discovery that exceeds the bounds authorized by the Court in this jurisdictional discovery period"). Therefore, the Requests and deposition subjects exceed the scope of jurisdictional discovery and should be limited because the requests seek non-jurisdictional discovery and are not limited to the YBA product, as alleged in the Complaint. Plaintiffs' Requests seek documents related to FTX platforms generally and other products such as FTT's and seek communications among individuals not located in Florida, which do not relate to jurisdiction or the claims for liability in the Complaint.

Not only do these requests and deposition subjects fail to comport with the Court's May 19, 2023 Order, but they also subject Defendants to discovery <u>about the entire case</u> when Defendants have not had an opportunity to litigate the threshold issue of personal jurisdiction. Plaintiffs, by contrast, will not be unduly burdened by limiting a few weeks of the discovery period to issues of personal jurisdiction because the Parties can engage in class certification discovery through July 28, 2023 and merits discovery through February 19, 2024.

### III. **Plaintiffs Have Only Alleged Purchase of YBAs, Not FTT Tokens, and Discovery Should Be Limited to the Allegations in the Complaint**

The discovery should also be limited because the requests are not limited to the YBA product, as alleged in the Complaint. Plaintiffs' Requests seek documents related to FTX platforms generally and other products such as FTT's, which do not relate to alleged claims for liability. In the Complaint [D.E. 1], each Plaintiff alleges that he "purchased an unregistered security from FTX in the form of a YBA and funded the account with a sufficient amount of crypto assets to earn interest on his holdings." Compl. ¶¶ 13-19. By contrast, nowhere in the Complaint does a single Plaintiff allege that he was issued FTT tokens by FTX. Defendants assert that discovery should be limited to the allegations in the Complaint and Plaintiffs should not be permitted to use jurisdictional discovery as a fishing expedition to expand the substantive allegations of the Complaint. Jurisdictional discovery requests "should not serve as fishing expeditions, and, as such, are appropriate only when a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Wolf v. Celebrity Cruises, Inc.*, 663 Fed. App'x 786, 792 (11th Cir. 2017) (internal citation omitted)(affirming denial of jurisdictional discovery where request did not specify the information sought or explain how it would "bolster" jurisdictional allegations). Jurisdictional discovery should be "narrowly tailored" to personal jurisdiction issues implicated by a motion to dismiss. *See Segregated Portfolio 164, Inc. v. IS Agency, Inc.*, No. 8:13-cv-694,

4

2013 WL 5744333, *6 (M.D. Fla. Oct. 23, 2013). Further, the Court has broad discretion to manage the scope and sequence of discovery. *See* Fed. R. Civ. P. 26; *see also Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991). Here, the Court approved an initial phase of discovery during which the parties would conduct limited discovery of each other concerning the personal jurisdiction issues.

Having affirmatively alleged that none of the Defendants are domiciled in Florida, Plaintiffs do not appear to contend that any of the Defendants are in Florida or even operate in Florida such that the exercise of general personal jurisdiction would be proper for any and all claims that might be asserted against them. Therefore, Plaintiffs must demonstrate that the exercise of case-specific personal jurisdiction would be proper as to each Defendant – that the claims arise from actions of the Defendants directly and substantially connected with the state. *See Walden v. Fiore*, 571 U.S. 277, 290 (2014) ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.").

## IV.  Conclusion

Defendants respectfully request that based on the Court's May 19, 2023 Order, their objections be sustained  limiting the responsive documents to be produced and the scope of Defendants depositions to issues related to personal jurisdiction and to facts alleged in the Complaint.

## LOCAL RULE 7.1 CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned counsel certify that they conferred with counsel for Plaintiffs via zoom on May 26, 20223, in a good faith effort to resolve the issues raised in this Memorandum.  The parties have not been able to reach resolution as to those issues raised in this Memorandum.

DATED: June 5, 2023.

|  | STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A. |
|---|---|
| Law Office of Josef M Mysorewala, PLLC<br>Josef M Mysorewala<br>770 S Dixie Hwy., Suite 113<br>Coral Gables, FL 33146<br>josefm@lawjmm.com<br>Telephone  305-356-1031 | /s/ Jose G. Sepulveda, Esq.<br>JOSE G. SEPULVEDA, ESQ.<br>150 W Flagler Street, Suite 2200<br>Miami, FL 33130<br>jsepulveda@stearnsweaver.com<br>Telephone: 305-789-3200 |
| Flangas Law Group, Inc.<br>Kimberly P. Stein<br>3275 South Jones Blvd., Suite 105<br>Las Vegas, NV 89146<br>kps@fdlawlv.com<br>Telephone:  702-307-9500 | Potomac Law Group, PLLC<br>Derek Adams<br>1300 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC 20004<br>dadams@potomaclaw.com<br>Telephone: 202-743-1511 |
| ***Counsel for Defendants Andrei Jikh Jeremy Lefebvre and Graham Stephan*** | ***Counsel for Defendants Brian Jung, Erika Kullberg, and Creators Agency, LLC*** |
| Heitner Legal, P.L.L.C.<br>Darren Adam Heitner<br>Darren@heitnerLegal.com<br>Alan@heitnerlegal.com<br>215 Hendricks Isle<br>Fort Lauderdale, FL 33301<br>Telephone:  (954) 558-6999 | Cummings, McClorey, Davis & Acho, PLC<br>Ronald G. Acho<br>Michael O. Cummings<br>17436 College Parkway, FL 3<br>Livonia, MI 48152<br>racho@cmda-law.com<br>mcummings@cmda-law.com<br>Telephone:  734-261-2400 |
| ***Counsel for Defendant Ben Armstrong*** | David E Ghannam, P.C.<br>David E Ghannam<br>17436 College Parkway, 3rd Floor<br>Livonia, MI 48152<br>david@ghannam.law<br>Telephone:  313-945-0088 |
|  | ***Counsel for Defendant Jaspreet Singh*** |

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 5, 2023 undersigned counsel filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record and parties registered via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Jose G. Sepulveda, Esq.*
Jose G. Sepulveda, Esq.