# EXHIBIT C

SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EDWIN GARRISON, *et al.*,                          CASE NO. 1:23-cv-21023-CMA/Damian

      Plaintiffs,

v.

KEVIN PAFFRATH, *et al.*,

      Defendants.

_____/

**DEFENDANT CREATORS AGENCY LLC'S RESPONSE TO PLAINTIFFS'**
**FIRST SET OF SEVEN REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and in accordance

with this Court's Order dated May 19, 2023 [D.E. 96], Defendant Creators Agency LLC

("Creators Agency") hereby responds to Plaintiffs' First Set of Seven Requests for Production to

Defendant Creators Agency LLC (each a "Request," and, collectively, the "Requests"), including

the "Definitions and Instructions" contained therein, as follows:

**PRELIMINARY STATEMENT AND PRESERVATION OF RIGHTS**

1. This Reservation of Rights, along with the General Objections and Responses to Specific

Requests, are incorporated in each response set forth below.  Creators Agency's responses to all

or any part of the Requests should not be taken as an admission that: (1) Creators Agency

accepts, admits, or agrees to any factual or legal conclusion set forth in, or assumed by, all or any

part of the Requests, or (2) Creators Agency has in its possession, custody, or control documents

responsive to all or any part of the Requests; or (3) documents responsive to any particular

Request exist.

2. Creators Agency's responses to all or any part of any Request are not intended to be, and

shall not be a waiver by Creators Agency of all or any part of his objection(s) to the Request(s).

1

Creators Agency also expressly preserves: (a) any objections as to the privilege of any document requested in response to the Requests; (b) the right at any time to revise, correct, supplement, or clarify any of the responses or objections herein.

3.   Creators Agency reserves its right to object to the admission or use at trial of any and all documents produced, or information provided, in response to the Requests, including any objections with regard to competence, relevance, materiality, propriety, admissibility, privilege, privacy, and any and all other objections on grounds that would require the exclusion of any response or document under the Federal Rules of Evidence.

4.   To the extent it is determined that the Requests may exceed the scope of written jurisdictional discovery requests, notwithstanding Judge Altonaga's May 19, 2023 Order [D.E. 96], Creators Agency reserves the right to raise merits-based or class-based objections, including but not limited to an objection that the Requests exceed the scope of materials relevant to the YBAs, which are the alleged "security" at issue in this litigation.

5.    Subject to the Reservation of Rights, the General Objections, and the Specific Objections and Responses to Requests below, Creators Agency will search for and produce non-privileged documents that are responsive to the Requests, in its custody, possession and control, and that fall within the agreed upon time period.

## GENERAL OBJECTIONS

1.   The following responses and objections are incorporated in Creators Agency's responses to each Request contained in the Seven Requests for Production.

2.   Creators Agency objects to the extent that the Requests exceed the scope of written jurisdictional discovery, which was the limit imposed for this set of requests, pursuant to Judge Altonaga's May 19, 2023 Order [D.E. 96] in the above-captioned action ("The parties have until **May 22, 2023** to serve written jurisdictional discovery requests.") (emphasis in original).

3.   Creators Agency objects to the definition of "CA," "You," or "Your" as overbroad and will limit its production to documents in the possession, custody, or control of Creators Agency.

4.   Creators Agency objects to the extent the Requests seek documents or information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or joint defense privilege.  Any inadvertent disclosure of privileged information or material is not intended as a waiver of the applicable privilege or protection.

## RESPONSES TO SEVEN REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

> **RESPONSE**: In addition to the foregoing General Objections, Creators Agency objects to this Request to the extent it seeks documents and communications regarding business Creators Agency conducted with the FTX Entities, that are not related to, referring to, or connected in any way to the State of Florida, and are therefore outside the scope of jurisdictional discovery.
>
> To the extent that Creators Agency has any documents and communications regarding business Creators Agency conducted with the FTX Entities, if any, related to, referring to, or connected to the State of Florida, Creators Agency will produce such documents and communications by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 2**: All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.

> **RESPONSE**: In addition to the foregoing General Objections, Creators Agency objects to this Request as seeking documents outside the scope of jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 3**: All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

**RESPONSE**: Creators Agency will produce any responsive documents, to the extent any exist, by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 4**: All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

> **RESPONSE**: In addition to the foregoing General Objections, Creators Agency objects to this Request to the extent it seeks documents and communications with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform, if any, that are not related to, referring to, or connected in any way to the State of Florida, and are therefore outside the scope of jurisdictional discovery.
>
> To the extent that Creators Agency has any documents and communications with the FTX Entities related to, referring to, or connected to the State of Florida regarding promotion of FTT, YBAs or the FTX Platform, Creators Agency will produce such documents and communications by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 5**: All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

> **RESPONSE**: In addition to the foregoing General Objections, Creators Agency objects to this Request as seeking documents outside the scope of jurisdictional discovery.

**REQUEST FOR PRODUCTION NO 6**: All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

> **RESPONSE**: In addition to the General Objections, Creators Agency objects to this Request as seeking documents and communications that are protected by the attorney-client privilege, attorney work product doctrine, common interest and/or joint defense privilege.  In addition, Creators Agency objects to this Request as outside the scope of jurisdictional discovery to the extent it seeks communications that are not related to, referring to, or connected to the State of Florida.
>
> To the extent that non-privileged documents exist between or among Co-Defendants, in which at least one Defendant was operating from the State of Florida, Creators Agency will product such documents and communications.

**REQUEST FOR PRODUCTION NO. 7**: All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

**RESPONSE**: In addition to the foregoing General Objections, Creators Agency objects to this Request as seeking documents outside the scope of jurisdictional discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2023, a true and correct copy of the foregoing was sent via electronic mail to all counsel of record.

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.

By:  */s/ Jose G. Sepulveda*
JOSE G. SEPULVEDA, FL Bar No. 154490
jsepulveda@stearnsweaver.com
mfigueras@stearnsweaver.com
150 W. Flagler Street, Suite 2000
Miami, Florida 33130
Telephone:  305-789-3200

and

POTOMAC LAW GROUP, PLLC
Derek Adams, Esq., *Pro Hac Vice*
dadams@potomaclaw.com
1300 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004
Telephone: 202-204-3005

*Counsel for Defendant Creators Agency LLC*

#11722309 v1

SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EDWIN GARRISON, *et al.*,                    CASE NO. 1:23-cv-21023-CMA/Damian

     Plaintiffs,

v.

KEVIN PAFFRATH, *et al.*,

     Defendants.

_____/

**DEFENDANT ERIKA KULLBERG'S RESPONSE TO PLAINTIFFS'
FIRST SET OF SEVEN REQUESTS FOR PRODUCTION**

     Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and in accordance with this Court's Order dated May 19, 2023 [D.E. 96], Defendant Erika Kullberg hereby responds to Plaintiffs' First Set of Seven Requests for Production to Defendant Erika Kullberg (each a "Request," and, collectively, the "Requests"), including the "Definitions and Instructions" contained therein, as follows:[1]

**PRELIMINARY STATEMENT AND PRESERVATION OF RIGHTS**

    1.  This Reservation of Rights, along with the General Objections and Responses to Specific Requests, are incorporated in each response set forth below.  Ms. Kullberg's responses to all or any part of the Requests should not be taken as an admission that: (1) Ms. Kullberg accepts, admits, or agrees to any factual or legal conclusion set forth in, or assumed by, all or any part of the Requests, or (2) Ms. Kullberg has in her possession, custody, or control documents responsive to all or any part of the Requests; or (3) documents responsive to any particular Request exist.

---

[1] By answering this discovery request, Defendant Kullberg does not waive, and specifically preserves, her defenses under Rule 12(b)(5), which is being filed separately, in accordance with the Court's Order [D.E. 96].

2.   Ms. Kullberg's responses to all or any part of any Request are not intended to be, and shall not be a waiver by Ms. Kullberg of all or any part of her objection(s) to the Request(s).  Ms. Kullberg also expressly preserves: (a) any objections as to the privilege of any document requested in response to the Requests; (b) the right at any time to revise, correct, supplement, or clarify any of the responses or objections herein.

3.   Ms. Kullberg reserves her right to object to the admission or use at trial of any and all documents produced, or information provided, in response to the Requests, including any objections with regard to competence, relevance, materiality, propriety, admissibility, privilege, privacy, and any and all other objections on grounds that would require the exclusion of any response or document under the Federal Rules of Evidence.

4.   To the extent it is determined that the Requests may exceed the scope of written jurisdictional discovery requests, notwithstanding Judge Altonaga's May 19, 2023 Order [D.E. 96], Ms. Kullberg reserves the right to raise merits-based or class-based objections, including but not limited to an objection that the Requests exceed the scope of materials relevant to the YBAs, which are the alleged "security" at issue in this litigation.

5.    Subject to the Reservation of Rights, the General Objections, and the Specific Objections and Responses to Requests below, Ms. Kullberg will search for and produce non-privileged documents that are responsive to the Requests, in her custody, possession and control, and that fall within the agreed upon time period.

## GENERAL OBJECTIONS

1.   The following responses and objections are incorporated in Ms. Kullberg's responses to each Request contained in the Seven Requests for Production.

2.   Ms. Kullberg objects to the extent that the Requests exceed the scope of written jurisdictional discovery, which was the limit imposed for this set of requests, pursuant to Judge

Altonaga's May 19, 2023 Order [D.E. 96] in the above-captioned action ("The parties have until **May 22, 2023** to serve written jurisdictional discovery requests.") (emphasis in original).

3.   Ms. Kullberg objects to the definition of "Kullberg," "You," or "Your" to the extent that the definition would include her attorneys, agents, or any other individuals besides Ms. Kullberg individually.

4.   Ms. Kullberg objects to the extent the Requests seek documents or information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or joint defense privilege.  Any inadvertent disclosure of privileged information or material is not intended as a waiver of the applicable privilege or protection.

## RESPONSES TO SEVEN REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

> **RESPONSE**: In addition to the foregoing General Objections, Ms. Kullberg objects to this Request to the extent it seeks documents and communications regarding business Ms. Kullberg conducted with the FTX Entities, if any, that are not related to, referring to, or connected in any way to the State of Florida, and are therefore outside the scope of jurisdictional discovery.
>
> To the extent that Ms. Kullberg has any documents and communications regarding business Ms. Kullberg conducted with the FTX Entities related to, referring to, or connected to the State of Florida, Ms. Kullberg will produce such documents and communications by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 2**: All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.

**RESPONSE**: In addition to the foregoing General Objections, Ms. Kullberg objects to this Request as seeking documents outside the scope of jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 3**: All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

**RESPONSE**: Ms. Kullberg will produce any responsive documents, to the extent any exist, by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 4**: All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

**RESPONSE**: In addition to the foregoing General Objections, Ms. Kullberg objects to this Request to the extent it seeks documents and communications with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform, if any, that are not related to, referring to, or connected in any way to the State of Florida, and are therefore outside the scope of jurisdictional discovery.

To the extent that Ms. Kullberg has any documents and communications with the FTX Entities related to, referring to, or connected to the State of Florida regarding promotion of FTT, YBAs or the FTX Platform, Ms. Kullberg will produce such documents and communications by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 5**: All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

**RESPONSE**: In addition to the foregoing General Objections, Ms. Kullberg objects to this Request as seeking documents outside the scope of jurisdictional discovery.

**REQUEST FOR PRODUCTION NO 6**: All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

**RESPONSE**: In addition to the General Objections, Ms. Kullberg objects to this Request as seeking documents and communications that are protected by the attorney-client privilege, attorney work product doctrine, common interest and/or joint defense privilege. In addition, Ms. Kullberg objects to this Request as outside the scope of jurisdictional discovery to the extent it seeks communications that are not related to, referring to, or connected to the State of Florida.

4

To the extent that non-privileged documents exist between or among Co-Defendants, in which at least one Defendant was operating from the State of Florida, Ms. Kullberg will product such documents and communications.

**REQUEST FOR PRODUCTION NO. 7**: All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

    **RESPONSE**: In addition to the foregoing General Objections, Ms. Kullberg objects to this Request as seeking documents outside the scope of jurisdictional discovery.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on May 22, 2023, a true and correct copy of the foregoing was sent via electronic mail to all counsel of record.

    STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.

By: */s/ Jose G. Sepulveda*
    JOSE G. SEPULVEDA, FL Bar No. 154490
    jsepulveda@stearnsweaver.com
    mfigueras@stearnsweaver.com
    150 W. Flagler Street, Suite 2000
    Miami, Florida 33130
    Telephone:  305-789-3200

    and

    POTOMAC LAW GROUP, PLLC
    Derek Adams, Esq., *Pro Hac Vice*
    dadams@potomaclaw.com
    1300 Pennsylvania Avenue, NW, Suite 700
    Washington, D.C. 20004
    Telephone: 202-204-3005

    *Counsel for Defendant Erika Kullberg*

#11722310 v1

SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EDWIN GARRISON, *et al.*,                          CASE NO. 1:23-cv-21023-CMA/Damian

       Plaintiffs,

v.

KEVIN PAFFRATH, *et al.*,

       Defendants.

                          /

## DEFENDANT BRIAN JUNG'S RESPONSE TO PLAINTIFFS' FIRST SET OF SEVEN REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and in accordance with this Court's Order dated May 19, 2023 [D.E. 96], Defendant Brian Jung hereby responds to Plaintiffs' First Set of Seven Requests for Production to Defendant Brian Jung (each a "Request," and, collectively, the "Requests"), including the "Definitions and Instructions" contained therein, as follows:

## PRELIMINARY STATEMENT AND PRESERVATION OF RIGHTS

1.   This Reservation of Rights, along with the General Objections and Responses to Specific Requests, are incorporated in each response set forth below.  Mr. Jung's responses to all or any part of the Requests should not be taken as an admission that: (1) Mr. Jung accepts, admits, or agrees to any factual or legal conclusion set forth in, or assumed by, all or any part of the Requests, or (2) Mr. Jung has in his possession, custody, or control documents responsive to all or any part of the Requests; or (3) documents responsive to any particular Request exist.

2.   Mr. Jung's responses to all or any part of any Request are not intended to be, and shall not be a waiver by Mr. Jung of all or any part of his objection(s) to the Request(s).  Mr. Jung also expressly preserves: (a) any objections as to the privilege of any document requested in response

1

to the Requests; (b) the right at any time to revise, correct, supplement, or clarify any of the responses or objections herein.

3.   Mr. Jung reserves his right to object to the admission or use at trial of any and all documents produced, or information provided, in response to the Requests, including any objections with regard to competence, relevance, materiality, propriety, admissibility, privilege, privacy, and any and all other objections on grounds that would require the exclusion of any response or document under the Federal Rules of Evidence.

4.   To the extent it is determined that the Requests may exceed the scope of written jurisdictional discovery requests, notwithstanding Judge Altonaga's May 19, 2023 Order [D.E. 96], Mr. Jung reserves the right to raise merits-based or class-based objections, including but not limited to an objection that the Requests exceed the scope of materials relevant to the YBAs, which are the alleged "security" at issue in this litigation.

5.    Subject to the Reservation of Rights, the General Objections, and the Specific Objections and Responses to Requests below, Mr. Jung will search for and produce non-privileged documents that are responsive to the Requests, in his custody, possession and control, and that fall within the agreed upon time period.

## <u>GENERAL OBJECTIONS</u>

1.   The following responses and objections are incorporated in Mr. Jung's responses to each Request contained in the Seven Requests for Production.

2.   Mr. Jung objects to the extent that the Requests exceed the scope of written jurisdictional discovery, which was the limit imposed for this set of requests, pursuant to Judge Altonaga's May 19, 2023 Order [D.E. 96] in the above-captioned action ("The parties have until **May 22, 2023** to serve written jurisdictional discovery requests.") (emphasis in original).

3. Mr. Jung objects to the definition of "Jung," "You," or "Your" to the extent that the definition would include his attorneys, agents, or any other individuals besides Mr. Jung individually.

4. Mr. Jung objects to the extent the Requests seek documents or information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege and/or joint defense privilege.  Any inadvertent disclosure of privileged information or material is not intended as a waiver of the applicable privilege or protection.

## RESPONSES TO SEVEN REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

> **RESPONSE**: In addition to the foregoing General Objections, Mr. Jung objects to this Request to the extent it seeks documents and communications regarding business Mr. Jung conducted with the FTX Entities, if any, that are not related to, referring to, or connected in any way to the State of Florida, and are therefore outside the scope of jurisdictional discovery.
>
> To the extent that Mr. Jung has any documents and communications regarding business Mr. Jung conducted with the FTX Entities related to, referring to, or connected to the State of Florida, Mr. Jung will produce such documents and communications by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 2**: All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.

> **RESPONSE**: In addition to the foregoing General Objections, Mr. Jung objects to this Request as seeking documents outside the scope of jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 3**: All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

    **RESPONSE**: Mr. Jung will produce any responsive documents, to the extent any exist, by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 4**: All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

    **RESPONSE**: In addition to the foregoing General Objections, Mr. Jung objects to this Request to the extent it seeks documents and communications with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform, if any, that are not related to, referring to, or connected in any way to the State of Florida, and are therefore outside the scope of jurisdictional discovery.

    To the extent that Mr. Jung has any documents and communications with the FTX Entities related to, referring to, or connected to the State of Florida regarding promotion of FTT, YBAs or the FTX Platform, Mr. Jung will produce such documents and communications by the June 12, 2023 deadline set by the Court.

**REQUEST FOR PRODUCTION NO. 5**: All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

    **RESPONSE**: In addition to the foregoing General Objections, Mr. Jung objects to this Request as seeking documents outside the scope of jurisdictional discovery.

**REQUEST FOR PRODUCTION NO 6**: All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

    **RESPONSE**: In addition to the General Objections, Mr. Jung objects to this Request as seeking documents and communications that are protected by the attorney-client privilege, attorney work product doctrine, common interest and/or joint defense privilege. In addition, Mr. Jung objects to this Request as outside the scope of jurisdictional discovery to the extent it seeks communications that are not related to, referring to, or connected to the State of Florida.

    To the extent that non-privileged documents exist between or among Co-Defendants, in which at least one Defendant was operating from the State of Florida, Mr. Jung will product such documents and communications.

**REQUEST FOR PRODUCTION NO. 7**: All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

     **RESPONSE**: In addition to the foregoing General Objections, Mr. Jung objects to this Request as seeking documents outside the scope of jurisdictional discovery.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on May 29, 2023, a true and correct copy of the foregoing was sent via electronic mail to all counsel of record.

     STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

     By:  */s/ Jose G. Sepulveda*
        JOSE G. SEPULVEDA, FL Bar No. 154490
        jsepulveda@stearnsweaver.com
        mfigueras@stearnsweaver.com
        150 W. Flagler Street, Suite 2000
        Miami, Florida 33130
        Telephone:  305-789-3200

        and

        POTOMAC LAW GROUP, PLLC
        Derek Adams, Esq., *Pro Hac Vice*
        dadams@potomaclaw.com
        1300 Pennsylvania Avenue, NW, Suite 700
        Washington, D.C. 20004
        Telephone: 202-204-3005

        *Counsel for Defendant Brian Jung,*

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-21023-CIV-ALTONAGA/Damian**

EDWIN GARRISON, *et al.*, on behalf of
themselves and all others similarly situated,

      Plaintiff(s),

v.

KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,

      Defendant(s).

_____/

**DEFENDANT JASPREET SINGH'S RESPONSES**
**AND OBJECTIONS TO PLAINTIFFS' FIRST**
**SET OF SEVEN REQUESTS FOR PRODUCTION**

      Defendant Jaspreet Singh ("Defendant Singh") responds to and objects to Plaintiffs' First Requests for Production ("Document Requests") as set forth below. The following Responses and Objections to Requests for Production are made solely for the purposes of this action.

      No incidental or implied admissions are intended by these Responses. The fact that Defendant Singh has objected to or responded to any Document Request shall not be deemed as admission that Defendant Singh accepts or admits the existence of any fact set forth or assumed by such Document Requests or that such objection or Responses constitutes admissible evidence. The fact that Defendant Singh has responded to part or all of any Document Request is not intended to and shall not be construed to be a waiver by Plastipak of any part of any objection to the Document Requests.

      These Responses and objections are made based on information and writings currently

available to, located by, and understood by Defendant Singh upon reasonable investigation. However, given the broad nature of these Document Requests, new information may be discovered by Plastipak as time passes. Therefore, Defendant Singh expressly reserves the right to modify, revise, supplement, or amended their Responses as they deem appropriate.

## **GENERAL OBJECTIONS**

1.      Defendant Singh objects to the Document Requests on the basis that said Requests are contrary to the Court's May 19, 2023 Order allowing for jurisdictional discovery on personal jurisdiction only (Doc. No. 96). Plaintiffs' Document Requests are not limited to issues pertaining to personal jurisdiction, and instead, go to liability issues, which are outside of the limited personal jurisdictional discovery ordered by Court at this time.

2.      Defendant Singh objects to the Document Requests to the extent that they are overly broad and unduly burdensome.

3.      Defendant Singh further objects to each instruction, definition, and Document Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Local Rules and Orders of the Court.

4.      Defendant Singh further objects to the Document Requests to the extent that they assume facts that are not in evidence, contain terms that are ill-defined, and are based on a false premise.

5.      Defendant Singh objects to the Document Requests to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other recognized privilege.

6.     Defendant Singh objects to the Document Requests to the extent that they require him to search for and produce documents or information that are not within his possession, custody, or control.

7.     Defendant Singh objects to the Document Requests to the extent that they seek information or documents that cannot be located by Defendant Singh after reasonably diligent inquiry, are readily available from public sources, or are available to Plaintiffs from another source or by other means that are more convenient, more appropriate, less burdensome, or less expensive.

8.     Defendant Singh objects to the Document Requests to the extent that they seek legal conclusions and/or would require him to reach a legal conclusion in order to prepare a Response.

9.     Defendant Singh objects to the Document Requests to the extent that they are overly broad, not relevant, immaterial, argumentative, prejudicial, improper, incorrect, vague, and/or ambiguous.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST 1**

1.     All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees or agents) conducted with FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees or agents) in accordance with any such contract or agreement.

**RESPONSE TO REQUEST 1:**

Defendant Singh objects to this Document Request on the basis that this Request is contrary to the Court's May 19, 2023 Order allowing for jurisdictional discovery on personal jurisdiction

only (Doc. No. 96).  Neither Defendant Singh nor any of the defined "FTX Entities" are Florida-based and thus this request is facially irrelevant to personal jurisdiction and instead improperly goes beyond that to merits issues.  Defendant Singh further objects to this Request on the basis that it is overly broad, unduly burdensome, irrelevant, and immaterial by seeking "all" documents "regarding any business" conducted with the FTX Entities while the Complaint in this matter is directed only to Plaintiffs' alleged losses on YBAs.  Further, the term "business . . conducted with FTX Entities" is vague and ambiguous to the extent that "business" is undefined and whether this includes such "business" "conduction directly or indirectly.   The foregoing objections notwithstanding, Defendant Singh has no documents or communications in his possession, custody or control regarding or relating to business conducted in the State of Florida.

**REQUEST 2**

2.    All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public facing platforms.

**RESPONSE TO REQUEST 2:**

Defendant Singh objects to this Document Request on the basis that this Request is contrary to the Court's May 19, 2023 Order allowing for jurisdictional discovery on personal jurisdiction only (Doc. No. 96).  This request seeks content beyond anything that might relate to personal jurisdiction and is instead directed to merits issues.  Defendant Singh further objects to this Request on the basis that it is overly broad, unduly burdensome, irrelevant, and immaterial by seeking video and content "regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs" while the Complaint is limited to liability allegations of actively promoting YBAs.  The foregoing

objections notwithstanding, Defendant Singh has no video or other content in his possession, custody or control regarding or relating to business conducted in the State of Florida.

**REQUEST 3**

3.　　All Documents and Communications, that show, evidence, and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX customers.

**RESPONSE TO REQUEST 3:**

Defendant Singh objects to this Document Request on the basis that this Request is vague and ambiguous by requiring a legal determination as to what would be regarded as "targeting." The foregoing objection notwithstanding, Defendant Singh does not have any responsive documents or communications in his possession, custody, or control regarding or related to any targeting in the State of Florida.

**REQUEST 4**

4.　　All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

**RESPONSE TO REQUEST 4:**

Defendant Singh objects to this Document Request on the basis that this Request is contrary to the Court's May 19, 2023 Order allowing for jurisdictional discovery on personal jurisdiction only (Doc. No. 96). This Request seeks documents and communications beyond anything that might relate to personal jurisdiction and is instead directed to merits issues. Defendant Singh further objects to this Request on the basis that it is overly broad, unduly burdensome, irrelevant, and immaterial by seeking documents and communications regarding "any and all

communications" "with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform" while the Complaint is limited to liability allegations of promoting YBAs. The foregoing objections notwithstanding, Defendant Singh has no documents or communications in his possession, custody or control regarding or relating to any promotion activity in the State of Florida.

### REQUEST 5

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees or agents) conducted before promotion of FTT, YBAs, or FTX Platform to the public.

### RESPONSE TO REQUEST 5:

Defendant Singh objects to this Document Request on the basis that this Request is contrary to the Court's May 19, 2023 Order allowing for jurisdictional discovery on personal jurisdiction only (Doc. No. 96). This Request seeks documents and communications beyond anything that might relate to personal jurisdiction and is instead directed to merits issues. Defendant Singh further objects to this Request on the basis that it is overly broad, unduly burdensome, irrelevant, and immaterial by seeking "[a]ll Documents regarding any and all due diligence . . .conducted before promotion of FTT, YBAs, or FTX Platform to the public" while the Complaint is limited to liability allegations of promoting YBAs. Further, this Request is vague and ambiguous as requiring a legal determination of what constitutes "due diligence." The foregoing objections notwithstanding, Defendant Singh has no documents in his possession, custody or control regarding or relating to any promotion activity in the State of Florida.

### REQUEST 6

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs, or FTX Platform.

**RESPONSE TO REQUEST 6:**

Defendant Singh objects to this Document Request on the basis that this Request is contrary to the Court's May 19, 2023 Order allowing for jurisdictional discovery on personal jurisdiction only (Doc. No. 96).  This Request seeks documents and communications beyond anything that might relate to personal jurisdiction and is instead directed to merits issues.  Defendant Singh further objects to this Request on the basis that it is overly broad, unduly burdensome, irrelevant, and immaterial by seeking documents and communications regarding the promotion of FTT, YBAs, or FTX Platform while the Complaint is limited to liability allegations of promoting YBAs. The foregoing objections notwithstanding, Defendant Singh has no documents or communications in his possession, custody or control regarding or relating to discussion concerning the State of Florida.

**REQUEST 7**

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to Your FTT holdings.

**RESPONSE TO REQUEST 7:**

Defendant Singh objects to this Document Request on the basis that this Request is contrary to the Court's May 19, 2023 Order allowing for jurisdictional discovery on personal jurisdiction only (Doc. No. 96).  This Request seeks documents and communications beyond anything that might relate to personal jurisdiction and is instead directed to merits issues.  Defendant Singh further objects to this Request on the basis that it is overly broad, unduly burdensome, irrelevant,

and immaterial by seeking documents relating ownership of FTT while the Complaint is limited to liability allegations of promoting YBAs.  The foregoing objections notwithstanding, Defendant Singh does not have any responsive documents in his possession, custody, or control.

Dated: May 29, 2023

Respectfully submitted,

/s/ David E. Ghannam
DAVID E. GHANNAM
Florida Bar Id. No. 854462
david@ghannam.law
Cummings, McClorey, Davis & Acho, PLC
17436 College Parkway, Fl 3
Livonia, MI 48152
(313) 945-0088
Attorneys for Defendant Jaspreet Singh

-and-

Ronald G. Acho
Admitted *pro hac vice*
Cummings, McClorey, Davis & Acho, PLC
17436 College Parkway
Livonia, MI   48152
Telephone: (734) 261-2400
Telecopier: (734) 261-4510
racho@cmda-law.com

Michael O. Cummings
Admitted *pro hac vice*
Cummings, McClorey, Davis & Acho, P.C.
1185 Avenue of The Americas, 3rd Floor
New York, New York 10036
Telephone:  (212) 547-8810
Facsimile:   (212) 547-8811
mcummings@cmda-law.com

9

## <u>CERTIFICATE OF SERVICE</u>

The undersign hereby certifies that a true and correct copy of the foregoing was furnished

via email on this 29th day of May, 2023 to:

Adam M. Moskowitz, Esq.
Joseph M. Kaye, Esq.
Howard Bushman, Esq.
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
adam@moskowitz-law.com
joseph@moskowitz-law.com
howard@moskowitz-law.com

Stuart Z. Grossman, Esq.
Manuel A. Arteaga-Gomez, Esq.
GROSSMAN RATH YAFFA COHEN, P.A.
2525 Ponce de Leon Blvd., Suite 1150
Coral Gables, FL 33134
szg@grossmanroth.com
aag@grossmanroth.com

Stephen Neal Zack, Esq.
Tyler Ulrich, Esq.
BOIES SCHILLER FLEXNER, LLP
100 SE 2nd. Street, Suite 2800
Miami, FL 33131
szack@bsfllp.com
tulrich@bafllp.com

Jose Ferrer, Esq.
MARK MIGDAL HAYDEN, LLP
80 SW 8th Street, Suite 1999
Miami, FL 33130
jose@markmigdal.com
eservice@markmigdal.com

Michelle Genet Bernstein, Esq.
MARK MIGDAL HAYDEN, LLP
236 Costanera Road
Coral Gables, FL 33143
michelle@markmigdal.com
eservice@markmigdal.com

Dated: May 29, 2023

*/s/ Michael O. Cummings*
Michael O. Cummings
Admitted *pro hac vice*
Cummings, McClorey, Davis & Acho, P.C.
1185 Avenue of The Americas, 3rd Floor
New York, New York 10036
Telephone:  (212) 547-8810
Facsimile:   (212) 547-8811
mcummings@cmda-law.com

10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-cv-21023-CMA

EDWIN GARRISON, et al., on behalf of themselves and all others similarly situated,

      Plaintiff,

vs.

KEVIN PAFFRATH, GRAHAM STEPHAN, ANDREI JIKH,
JASPREET SINGH, BRIAN JUNG, JEREMY LEFEBVRE,
TOM NASH, BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,

      Defendants.

_____ /

### DEFENDANT BEN ARMSTRONG RESPONSE TO
### PLAINTIFFS' WRITTEN JURISDICTIONAL REQUESTS FOR PRODUCTION

      Defendant, Ben Armstrong ("Defendant"), by and through undersigned counsel and pursuant to the Court's Order dated May 19, 2023 [D.E. 96], serves the following responses and objections to the Plaintiff's Written Jurisdictional Requests ("Requests"), and pursuant thereto, states as follows:

### PRELIMINARY STATEMENT

      1.     Defendant's investigation and development of all facts and circumstance relating to this matter is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial. The following responses are based on Defendant's knowledge, information, and belief at this time, and are complete as to Defendant's best knowledge at this time. These responses were prepared based on

Defendant's good faith interpretation and understanding of the individual Requests and are subject to correction for inadvertent errors or omissions.

2.      By making the accompanying response and objections to Plaintiff's Requests, Defendant does not waive, and hereby expressly reserves, the right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege. Furthermore, Defendant makes the responses and objections herein without in any way implying that Defendant considers the Requests, and responses to the Requests, to be relevant or material to the subject matter of this action.

3.      Defendant will produce responsive documents only to the extent that such documents are in the possession, custody, or control of Defendant, as set forth in the Federal Rules of Civil Procedure.

4.      A response to a Request stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Defendant performed any of the acts described in the Request, or definitions and/or instructions applicable to the Request, or that Defendant acquiesces in the characterizations of the conduct or activities contained in the Request, or definitions and/or instructions applicable to the Request.

5.      Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6.      Publicly available documents, including, but not limited to, newspaper clippings, articles, court papers, and documents available on the Internet, will not be produced.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

1.  All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

    **Response: Defendant has no such documents in Defendant's possession, custody, or control.**

2.  All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.

    **Response: To the extent they exist and are within Defendant's possession, custody, or control, Defendant will produce such responsive documents on or before the June 12, 2023 deadline set by the Court.**

3.  All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

    **Response: Defendant objects to this Request to the extent it seeks information protected by attorney client privilege and/or work product doctrine.**

    **Subject to and without waiving, modifying, or limiting the foregoing objections, Defendant will conduct a reasonable search for responsive, non-privileged**

**documents and produce such documents, to the extent such documents exist within Defendant's possession, custody, or control, on or before the June 12, 2023 deadline set by the Court.**

4.      All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

**Response: Defendant objects to this Request to the extent it seeks information protected by attorney client privilege and/or work product doctrine. Defendant further objects to this Request as overbroad in scope to the extent it is not limited to or relating to the State of Florida and/or seeks documents that are outside the scope of jurisdictional discovery.**

**Defendant has no such documents in Defendant's possession, custody, or control.**

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

**Response: Defendant objects to this Request to the extent it seeks information protected by attorney client privilege and/or work product doctrine. Defendant further objects to this Request as overbroad in scope to the extent it is not limited to or relating to the State of Florida and/or seeks documents that are outside the scope of jurisdictional discovery.**

**Defendant has no such documents in Defendant's possession, custody, or control.**

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

**Response: Defendant objects to this Request to the extent it seeks information protected by attorney client privilege and/or work product doctrine.**

**Subject to and without waiving, modifying, or limiting the foregoing objections, Defendant will conduct a reasonable search for responsive, non-privileged documents and produce such documents, to the extent such documents exist within Defendant's possession, custody, or control, on or before the June 12, 2023 deadline set by the Court.**

7.      All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

**Response: Defendant objects to this Request to the extent it seeks information protected by attorney client privilege and/or work product doctrine. Defendant further objects to this Request as overbroad in scope to the extent it is not limited to or relating to the State of Florida and/or seeks documents that are outside the scope of jurisdictional discovery.**

**Subject to and without waiving, modifying, or limiting the foregoing objections, Defendant will not search for responsive documents, but remains available to meet and confer regarding this Request.**

May 29, 2023

Respectfully submitted.

**HEITNER LEGAL, P.L.L.C**
*Attorney for Defendant*
215 Hendricks Isle
Fort Lauderdale, FL 33301
Phone: 954-558-6999
Fax: 954-927-3333

By:
DARREN A. HEITNER
Florida Bar No.: 85956
Darren@heitnerlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2023, a true and correct copy of the foregoing was served by electronic mail on all counsel of record.

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-21023-CIV-ALTONAGA/Damian

EDWIN GARRISON, *et al.*, on behalf of
themselves and all others similarly situated,

     Plaintiff(s),

v.

KEVIN PAFFRATH, GRAHAM STEPHAN,
ANDREI JIKH, JASPREET SINGH, BRIAN
JUNG, JEREMY LEFEBVRE, TOM NASH,
BEN ARMSTRONG, ERIKA KULLBERG,
CREATORS AGENCY, LLC,

     Defendant(s).

_____/

### DEFENDANTS GRAHAM STEPHAN, ANDREI JIKH , AND JEREMY LEFEBVRE'S OBJECTIONS AND RESPOSNES TO PLAINTIFFS' JURISDICTIONAL REQUESTS FOR PRODUCTION

Defendants, GRAHAM STEPHAN, ANDREI JIKH, and JEREMY LEFEBVRE (collectively "Defendants"), through undersigned counsel, and pursuant to this Court's Order dated May 19, 2023 [D.E. 96], serve the following objections and responses to Plaintiffs' Jurisdictional Requests for Production ("Requests") :

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

Defendants make these responses to Plaintiffs' Requests to the best of Defendants present knowledge, information, and belief.  Defendants reserve the right to supplement or amend these responses should further investigation indicate that such supplementation or amendment is appropriate.  Defendants' responses do not preclude further discovery, research, analysis or production of evidence. The raising of objections in response to each Request does not constitute

a waiver of any other applicable objection and Defendants reserve the right to supplement and/or amend their responses and objections at any time prior to trial in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida.

Defendants object to the Requests to the extent that they seek the production of documents or information subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege, restriction, immunity, or legal protection against disclosure, including but not limited to state or federal privacy laws. The inadvertent production of any privileged document is not intended to relinquish any privilege and shall not be deemed to be a waiver of any applicable privilege.

The fact that Defendants may supply information or agreed to produce any particular document or group of documents in response to any particular Request does not constitute an admission or acknowledgment that the documents sought are relevant or admissible, or that Defendants know any such documents to exist or to be in its possession. By producing any document, Defendants do not intend to and do not waive any of their objections to the Request.

To the extent that Defendants agreed to produce responsive documents in the specific responses below, Defendants will produce those documents by June 12, 2023 pursuant to this Court's Order dated May 19, 2023 [D.E. 96].

The Parties had a meet and confer on Friday, May 26, 2023.  While most objections were resolved, with the Parties agreeing to preserving certain objections but providing documents, there were two main issues that the Parties were unable to resolve.  The main objections, which are incorporated into Defendants' responses to each and every Request are:

1) Defendants object to the Requests as overbroad and outside the relevant scope of discovery because the requests are not limited to the YBA product, as alleged in the

2

Complaint. Plaintiffs' Requests seek documents related to FTX platforms generally and other products such as FTT's, which do not relate to this case as pled.

2) Defendants object to the Requests as overbroad and outside the relevant scope of discovery because discovery is limited to jurisdictional discovery, as stated in the Court's Order dated May 19, 2023 [D.E. 96]. Plaintiffs' Requests seek documents and information unrelated to jurisdiction and Defendants interactions or contacts with the state of Florida. Accordingly, Plaintiffs' discovery requests exceed the scope of relevant discovery authorized by the Order.

Subject to these issues being resolved:

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

1.     All Documents and Communications, including contracts or agreements, regarding any business You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted with the FTX Entities, including all documents and communications regarding any payments made to You (personally or to any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) in accordance with any such contract or agreement.

**RESPONSE TO REQUEST NO. 1:**

Defendants object as this Request is overbroad, vague and ambiguous as to "business conducted with the FTX Entities." This Request is not limited to the subject of the Complaint - YBAs – and is not limited or related in any way to the Defendants contacts with the State of Florida. The Defendants did not have any contract or agreement directly with FTX, but only with Creators Agency, who, upon information and belief, then contracted with FTX.  Defendants

3

understand this request to be limited to any business conducted by Defendants directly with the FTX Entities, and as such, Defendants state none.

**REQUEST NO. 2:**

2.     All videos or other content You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) produced regarding, relating to, and/or mentioning the FTX platform, FTT, and/or YBAs, including videos or content that have been removed from their public-facing platforms.[1]

**RESPONSE TO REQUEST NO. 2:**

Defendants object as this Request is over broad and seeks information that is not relevant to jurisdictional discovery. This Request is not limited to the subject of the Complaint – YBAs – and is not limited or related in any way to the Defendants' contacts with the State of Florida. Defendants further object as this Request is vague as to time frame, as there was no anticipation of litigation by Defendants. Subject to and without waiving the foregoing objections,  Defendants will produce responsive documents in their possession, custody or control.

---

1 Any such videos and/or content either should still be saved on Defendants' hard drives and preserved for use in this litigation, or should still be on the private-facing portions of their social media platforms—for instance, Defendants could have set a video they posted on YouTube to "private" so it no longer is publicly viewable or searchable but is still posted on their account. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). "The duty to preserve relevant evidence is triggered not only when litigation is pending, but also when it reasonably foreseeable to that party." *Title Cap. Mgmt., LLC v. Progress Residential, LLC*, No. 16-21882-CV, 2017 WL 5953428, at *4 (S.D. Fla. Sept. 29, 2017).

**REQUEST NO. 3:**

    3.    All Documents and Communications, that show, evidence and/or relate to Defendant "targeting" Defendant's Florida audience, and Florida's FTX consumers.

**RESPONSE TO REQUEST NO. 3:**

Defendants object as this Request is vague and ambiguous as to "targeting", and seeks information not solely limited to the Complaint, which concerns YBAs.  Notwithstanding said objections, Defendants have no responsive documents to this Request.

**REQUEST NO. 4:**

    4.    All Documents and Communications regarding any and all communications between You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) with the FTX Entities regarding promotion of FTT, YBAs or the FTX Platform.

**RESPONSE TO REQUEST NO. 4:**

Defendants object as this Request is over broad, vague and ambiguous as to "You with the FTX Entities." This Request is not limited to the subject of the Complaint – YBAs offered by a specific FTX entity – and is not limited or related in any way to the Defendants contacts with the State of Florida.

The Defendants did not have any communication directly with FTX, but only with Creators Agency. Defendants understand this request to be limited to any communications by Defendants directly with the FTX Entities, and as such, Defendants state none.

**REQUEST NO. 5:**

5.      All Documents regarding any and all due diligence You (personally or through any entity owned by You, or any of Your or Your entities' affiliates, representatives, employees, or agents) conducted before promotion of FTT, YBAs or FTX Platform to the public.

**RESPONSE TO REQUEST NO. 5:**

Defendants object as this Request is overbroad, vague and ambiguous as to "due diligence," and assumes facts not in evidence. This Request is not limited to the subject of the Complaint – YBAs offered by a specific FTX entity – and is not limited or related in any way to the Defendants' contacts with the State of Florida. Notwithstanding said objections, Defendants have no responsive documents to this Request.

**REQUEST NO. 6:**

6.      All Documents and Communications between You and any of the Co-Defendants in this Action regarding this lawsuit and/or the subject matter of this lawsuit, including the promotion of FTT, YBAs or the FTX Platform.

**RESPONSE TO REQUEST NO. 6:**

Defendants object as this Request is over broad and seeks information that is not relevant to jurisdictional discovery. This Request is not limited to the subject of the Complaint - YBAs – and is not limited to communications referring or relating to the State of Florida. This Request also includes documents protected by the joint defense privilege, common interest privilege, and/or attorney-client privilege.  Subject to and without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents in their possession, custody or control.

**REQUEST NO. 7:**

    **7.**    All Documents that show, evidence and/or relate to Your purchases, ownership, or control of FTT, including any wallet addresses controlled by You related to your FTT holdings.

**RESPONSE TO REQUEST NO. 7:**

    Defendants object as this Request is over broad and seeks information not relevant to jurisdictional discovery.  This Request is not related to the subject of the Complaint - YBAs – and goes outside the scope of jurisdictional discovery. Defendants further object as this Request is vague as to the time frame of the request. Notwithstanding said objection, Defendants have no responsive documents to this Request.

Dated: May 29, 2023           Respectfully submitted,

                                    __/s/ Josef M. Mysorewala_____

                                    Josef M. Mysorewala, Esq.
                                    Florida Bar ID No.: 105425
                                    Law Office of Josef M. Mysorewala, PLLC
                                    2000 S Dixie Highway, Suite 112
                                    Miami, Florida 33133
                                    Telephone: (305) 356-1031

                                    Kimberly P. Stein, Esq.
                                    **FLANGAS LAW GROUP**
                                    3275 South Jones Blvd., Suite 105
                                    Las Vegas, NV 89146
                                    kps@fdlawlv.com
                                    *Attorneys for Defendants,*
                                    *Graham Stephan, Andrei Jikh and*
                                    *Jeremy Lefebvre*

**<u>CERTIFICATE OF SERVICE</u>**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via email on this 29th day of May, 2023 to all counsel of record.

/s/ Josef M. Mysorewala
Josef M. Mysorewala, Esq.